FAIRBANKS CANNING CO., Appellant, v. LONDON GUARANTY AND ACCIDENT CO., Respondent.

Kansas City Court of Appeals, January 2, 1911.

1. EMPLOYER'S LIABILITY: Indemnity: Condition: Infant. If an employer's liability indemnity insurance policy is conditioned that the insurer shall not be liable for indemnity for damages paid on account of injuries to an employee under fourteen years of age, such condition is binding, unless the insurer waives it by acts, to the employer's prejudice, in the nature of estoppel.

2. INSURANCE: Estoppel. An insurer who insures an employer against loss by reason of payment of damages for injuries inflicted upon employees, who is informed of an injury and is given all the information connected therewith, or bearing thereon, which the employer has, and who thereupon takes charge and control of the defense for a period of several months, when he becomes aware of a fact which would have made him not liable under a condition in the policy, is estopped to deny such liability for a payment which the employer pays to the employee.

3. ———: ———: ———: Knowledge: Prejudice. If the insurer has information which, if followed, would lead to knowledge of a fact which would make it not liable under a condition of the

policy and without investigation takes charge and control of the defense of an action brought against the insured, and thereafter, on discovering such fact, withdraws from the defense, and judgment is obtained against the insured for injury to an employee, which the insured pays, *held*, that prejudice to the insured from the insurer's conduct will be presumed and need not be shown by the former in order to complete the estoppel.

4. ———: ———: ———: ———: **Want of Care: Doubt.** Knowledge is not always required as a necessary foundation for estoppel. If one takes action to the prejudice of another, without due care to ascertain the facts, he is as much bound by estoppel as if he had the knowledge. And if he is in doubt about his and his antagonist's rights under a contract and takes certain course as for his interest which is to the prejudice of his antagonist, he is bound.

5. ———: ———: ———: **Contract: Construction.** Where the terms of a policy are prepared by the insurer, any terms of doubtful or ambiguous meaning therein will be construed most strongly against the insurer.

6. ———: ———: ———: **Schedule: Separate Contracts.** Where a policy insures an employer by name and adds "and others" and refers to a schedule in which the names of the others are set forth, it was held that the contract was a separate contract with each of those others and that the policy was available to any employer named.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin*, Judge.

REVERSED AND REMANDED *(with directions)*.

*Mytton & Parkinson* and *W. B. Norris* for appellant.

(1) Where an employer's liability insurance company, under its policy, undertakes and controls the defense of a personal injury suit brought against the assured by one of its employees, the insurance company thereby waives the right to claim that the injured employee was not covered by the policy, and by its conduct in defending such suit is estopped from denying its liability under the policy. Mining Co. v. Fidel-

ity & Casualty Co., 126 Mo. App. 104; Myton v. Fidelity & Casualty Co., 117 Mo. App. 442; Tozer v. Ocean Accident & Guarantee Corporation, Limited, 94 Minn. 478; Portland Cement Co. v. Insurance Co., 11 N. Y. App. Div. 411; affirmed in 162 N. Y. 399; Employers Liability Assurance Corporation v. Coal & Coke Co., 141 Fed. 962; Navigation Co. v. Casualty Co., 81 Pac. Rep. 826; Casualty Co. v. Telephone Co., 139 Fed. Rep. 602. (2) This is the law in a case where the injured is a child employed in violation of the statute, notwithstanding the policy expressly provides that it does not cover a child employed contrary to law. Tozer v. Ocean Accident & Guarantee Corporation, Ltd., 94 Minn. 478; Cotton Mills v. Insurance Co., 120 Ky. 218. (3) In such a case it is not necessary for the assured to show prejudice, as prejudice will be conclusively presumed. Boyle Mining Co. v. Fidelity & Casualty Co., 126 Mo. App. 104; Myton v. Fidelity & Casualty Co., 117 Mo. App. 442; Portland Cement Co. v. Insurance Co., 11 N. Y. App. Div. 411; Tozer v. Ocean Accident & Guarantee Corporation, Ltd., 94 Minn. 478; Employers Liability Assurance Corporation v. Coal & Coke Co., 141 Fed. 962. (4) The theory underlying these decisions is that where the assured delivers the summons in the personal injury suit to the insurer, the insurer must then elect whether the case is one covered by the policy or not, and if the insurance company elects to defend it cannot afterwards be heard to say that the suit ws based on a claim not covered by the policy. Tozer v. Ocean Accident & Guarantee Corporation, Ltd., 94 Minn. 478; Portland Cement Co. v. Insurance Co., 11 N. Y. App. Div. 411. (5) Contracts of employers' liability insurance are to be construed in favor of the insured; and where there is doubt or uncertainty in their terms, or when they will be susceptible of two interpretations, that which will, without doing violence to the other parts

of the policy, sustain the claim of the insured must be adopted. Casualty Co. v. Telegraph Co., 152 Fed. Rep. 961; Packing Co. v. Casualty Co., 132 Fed. Rep. 623; 15 Cyclopedia of Law and Procedure, 1037; Mining Co. v. Casualty Co., 128 S. W. Rep. 204.

*Harkless, Crysler & Histed, F. J. Canty, Percy Werner, Everett Pattison* and *W. K. Amick* for respondent.

(1) Inasmuch as the court below did not assign any specific reason for granting a new trial, if the record shows any valid ground for this action, it must be sustained. Fink v. McCue, 123 Mo. App. 313; Smart v. Kansas City, 208 Mo. 162, 183; James v. Oliver, 129 Mo. App. 86; Morelock v. Railroad, 112 Mo. App. 640; Crow v. Crow, 124 Mo. App. 120; Ottomeyer v. Pritchett, 178 Mo. 160. (2) Appellant, plaintiff below, not being the "assured" under the policy sued on, cannot maintain this action. The policy sued on is a personal contract with Nelson Morris & Co. as the assured. Kelly v. London Guarantee & Accident Co., 97 Mo. App. 623; St. Louis & Tennessee Packet Co. v. Railroad, 35 Mo. App. 272. (3) The "subject-matter" of the insurance in this case is "any employee or employees of the assured while within the factory, etc., during the operation of the trade or business described," etc., subject to the express exception that it shall not "cover loss from liability for injuries . . . to any child employed by the assured contrary to law, or any child employed under 14 years of age, where no statute restricts the age of employment." The unimpeachable record evidence shows that the "injured" in this case was not 13 years of age when employed, and not 14 when injured. Therefore this child was not included in the "subject-matter" covered by the policy. (4) Where the facts are known to both

parties, or both have the same means of ascertaining the truth, there can be no estoppel. Bales v. Perry, 51 Mo. 449; Blodgett v. Perry, 97 Mo. 263; Brant v. Virginia Coal Co., 93 U. S. 326; Steel v. St. Louis Smelting Co., 146 U. S. 447; Fitzpatrick v. Flannigan, 106 U. S. 448; Sturm v. Boker, 150 U. S. 312; Holcomb v. Boynton, 151 Ill. 294, 300; 11 Am. and Eng. Ency. (2 Ed.), p. 434. (5) Respondent had a right to rely upon the statement of appellant, contained in its report of the accident in question, that the injured was about (i. e. substantially) 16 years of age, and had a right to deny its liability, as it did, as soon as it discovered that this statement was false. Hubbard v. Missouri Reserve Assn., 80 Fed. 681; Ins. Co. v. Wolfe, 95 U. S. 326, 333; Cabel v. Life Ins. Co., 111 Fed. 19, 31.

ELLISON, J.—The defendant's business is to insure or indemnify employers for loss by reason of damages accruing to employees on account of injuries received by the latter for which the employer would be legally liable. This action is for the indemnity alleged to be due plaintiff by reason of damages paid to one of its employees for an injury received by him. The verdict in the trial court was for the plaintiff, but a motion for new trial was sustained, and plaintiff appealed from that order.

The contract of insurance named as the insured, Nelson Morris & Co., and others set forth in a schedule; the words of the policy being "Nelson Morris and Co., a co-partnership, et al. (See Schedule.)" The schedule named the plaintiff as one of the insured, it being one among a number of others, in which Nelson Morris & Co., had an interest.

The policy contained the following among other conditions, viz:

"B. This policy does not cover loss from liability for injuries or death to or caused by any child em

ployed by the assured contrary to law or any child employed under fourteen years of age where no statute restricts the age of employment.

"C. Upon the occurrence of an accident the assured shall give immediate written notice thereof, with the fullest information obtainable at the time, to the company's head office in Chicago, or to the company's authorized agent. If a claim is made on account of such accident the assured shall give like notice thereof with full particulars. The assured shall at all times render to the company all co-operation and assistance in his power.

"D. If thereafter any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the company's head office in Chicago, every summons or other process as soon as the same shall have been served on him, and the company will, at its own cost, defend such suit in the name and on behalf of the assured unless the company shall elect to settle the same or to pay the assured the indemnity provided for in condition A hereof.

"E. The assured shall not voluntarily assume any liability, nor shall the assured, without the written consent of the company previously given, incur any expense or settle any claim, except at its own cost, or interfere in any negotiation for settlement or in any legal proceeding; except that the assured may provide at the time of the accident such immediate surgical relief as is imperative. Whenever requested by the company, the assured shall aid in securing information and evidence and the attendance of witnesses and in effecting settlements and in prosecuting appeals."

Plaintiff operated a meat packing establishment in St. Joseph, Missouri, and in June, 1906, employed one James Stamp in its service, the evidence tending to show that he represented himself to be sixteen years

of age.  In November following he was permanently
injured while engaged in performing his duties, and
plaintiff immediately telephoned the information to
defendant's lawyer in St. Joseph, who had defendant's
adjuster or agent who investigated claims, to look into
the matter.  Plaintiff also reported the injury to de-
fendant's representatives in the city of Chicago, Ill.
Defendant treated the matter as one for which it was
ultimately liable.  In the following April, 1907, James
Stamp, through his next friend, brought suit against
plaintiff, in the state court, for $25,000 damages, and
his father brought his action, for loss of services of
his son, in the sum of $2000.  The writ and other pa-
pers were immediately turned over to defendant who
took charge and control and assumed the expense of
the defense.  Among other things, it had the case of
James Stamp transferred to the Federal court under
the provision of the federal law.  As time approached
for trial defendant began negotiations for a settle-
ment of the cases and obtained an offer of $7000 from
the attorney of the Stamps.  That sum being two thou-
sand dollars more than defendant's maximum liabil-
ity under the policy, it made necessary to confer with
plaintiff as to the proportion each should pay.  They
did confer, and in the meantime it was, in some way,
ascertained that the cases could be adjusted for $6000.
Defendant was willing to pay $3500 of this sum and
plaintiff $1500.  This was only $1000 of being suffi-
cient to meet the terms of the Stamps.  About ten
months of time had expired from the date of the injury
and the cases were approaching trial.  Defendant then,
without notice to plaintiff of its intentions, took depo-
sitions of James Stamp and his mother, whereby it
was shown (as we shall assume) that James was, in
fact, under fourteen years of age when employed by
the plaintiff; and it thereupon, for that reason, denied
liability to plaintiff and withdrew from its control and

management of the cases; whereupon plaintiff, after having first conferred with defendant's representatives, made a settlement with the Stamps for $6000, for which judgment was rendered. At this conference it was understood that defendant would make no objection to the reasonableness of the sum paid.

No specific ground was assigned by the trial court for granting a new trial and we will therefore see if there is any ground of defense presented by defendant which should absolve it from liability. It insists in the first place that there is no privity of contract between it and the plaintiff; that is to say, that it contracted with Nelson Morris & Co. alone, and that plaintiff not being the assured mentioned in the policy, cannot maintain an action thereon. We reject this defense. The contract, as will be seen from what we have already written, is not alone with Nelson Morris & Co., but is with others mentioned in the schedule, in which plaintiff's name is found. Plaintiff is thereby named as one of the contracting parties.

But even if it should be conceded that there was some ambiguity as to whether plaintiff was contracted with direct, or only through Nelson Morris & Co., we, under a familiar rule of construction of contracts, should resolve the doubt against defendant for the reason that it prepared the policy and selected the words used to express its meaning. [London Assurance v. Companhia, 167 U. S. 149, 159; Terwilliger v. National Masonic Ass'n, 197 Ill. 9.]

It will be noticed that by condition "B" above set out, as part of the policy, the defendant expressly disclaimed liability for injury to any child under fourteen years of age employed by the plaintiff. Defendant discovered in the manner we have already stated that James Stamp was under that age, and it now insists upon such fact as a complete bar to plaintiff's claim; and it is conceded it would be, but for its conduct,

which plaintiff designates as a waiver of such defense, or as an election on its part to regard the policy as binding and as entitling plaintiff to reimbursement if Stamp was hurt in such circumstances as would render it liable to him. Defendant answers· this by the argument that there can be no estoppel *in pais* without knowledge, and that as it did not know Stamp was under fourteen years of age until after the action had been taken which is claimed to constitute the estoppel, none could arise against it. Defendant is not entirely correct in saying it must have had knowledge before its acts could estop it from making use of a fact establishing its non-liability. A party in the position that defendant occupied in this case, may carelessly choose to act without knowledge, or it may regard the matter about which it is concerned as of doubtful character and may choose to act by taking charge of the case. In either instance the assured would have the right to assume that he was acquainted with the situation and was taking such action as was deemed most prudent for his own interests. Such action is sometimes said to constitute an estoppel *in pais* (Mining Co. v. Fidelity Co., 126 Mo. App. 104; Glens Falls P. C. Co. v. Ins. Co., 162 N. Y. 399); sometimes it is denominated an election of position which cannot afterwards be changed (Tozer v. Ocean Accident Corp., 94 Minn. 478); sometimes it is said to be a contemporaneous construction of the contract by the party claimed to be bound (Employers Liability Co. v. Chicago & Big Muddy Coal Co., 141 Fed. Rep. 962); and yet again it is called a waiver (Glens Falls P. C. Co. v. Ins. Co., 42 N. Y. Sup. 285). But in whatever way it may be designated, it is such conduct on the part of the insurer as will cut him out of a defense he might have made had he insisted upon it at a time when the other party might have taken care of himself to his complete exculpation, or, at least, a betterment

of his condition. If, instead of relying upon his right when the claim was first brought to his attention, he, without due investigation, assumes himself to be liable, sets the assured aside and claims the right of control of the defense, he cannot afterwards ignore the right the assured has acquired by reason of such action, merely because he has made a belated discovery of fact, or law, which he thinks puts the case outside the terms of the policy.

The facts of this case are, beyond question, ample to hold defendant to the election it made to assume liability under the policy and make defense to Stamps' action, and to prevent it from afterwards changing position. In the first place when plaintiff, in compliance with the policy, gave to defendant the information it possessed as to stamp's age, it did not say he was more than fourteen years old; on the contrary, it stated to defendant that ''he *said* he was 16, about, when hired.'' That manner of statement was, in itself, a suggestion to defendant that plaintiff did not, or might not, know what his age was. It suggested further inquiry. But more than that, the record shows defendant continued in charge of the case for near three months after its own agents and representatives learned that there was grave doubt as to Stamp being over fourteen years. The question of defendant's knowledge, or information which would have led to knowledge, of Stamp's age, was submitted to the jury, but the facts were of such indisputable character as would have justified the court in so declaring peremptorily had it been requested.

But, it is earnestly urged that before one can benefit by acts relied upon as constituting an estoppel, or acts in the nature of an estoppel, he must show that he has been prejudiced by such acts, and that plaintiff has not shown that it has been in any wise injured by the course taken by defendant. It would be danger-

ous and unjust to allow such position to prevail. Who can say what plaintiff might have done in its own behalf had it not been ousted from control and direction of the defense in the Stamp case? If a man is to bear the burden of the result of a defense to an action, it is his privilege to have his own personality appear in its course. He is entitled to have the results measured up to him and not to some other. [Gore v. Brockman, 138 Mo. App. 231.] The loss of a right to control and manage one's own case is, itself, a prejudice. As we said through Judge JOHNSON in Mining Co. v. Fidelity & Casualty Co. supra, one "must be presumed to have been prejudiced by such conduct and need not be put to the proof that it could have achieved better results had" there been no interference. In referring to a similar situation in Glens Falls P. C. Co. v. Ins. Co., supra, the court said, that "If the insurance company had then notified the cement company that it denied the validity of the policy, the latter company might possibly have settled with Jasmin (injured party) upon more favorable terms than it afterwards did."

We think a new trial should not have been granted, and the judgment will be reversed and the cause remanded, with directions to reinstate the verdict and render judgment thereon. All concur.