WILLIAM H. MYERS, RESPONDENT, v. CONTINENTAL CASUALTY COM-
PANY, A CORPORATION, APPELLANT.*—22 S. W. (2d) 867.

St. Louis Court of Appeals.  Opinion filed December 3, 1929.

*Corpus Juris-Cyc References: Liability Insurance, 36CJ, section 49,
p. 1078, n. 10.

*Watts & Gentry* for appellant.

*G. T. Priest* for respondent.

NIPPER, J.—This is a suit to recover on a liability insurance policy, brought by William H. Myers against the Continental Casualty Company. There was a verdict and judgment in favor of plaintiff in the sum of $2999, and defendant has appealed.

The plaintiff was engaged in the manufacture of wooden boxes and crates, and he had purchased from the defendant the policy of insurance on which the suit is based.

The period of the policy was for one year, being dated November 2, 1921, and expiring November 2, 1922. By the terms of the policy defendant agreed to indemnify the assured against loss from the liability imposed by law, for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered within the policy period, by any employee or employees of the assured. It also agreed to defend, in the name and on behalf of the assured, any suits brought against the assured to recover damages on account of such injuries. It was also provided that the company would have the exclusive right to contest or settle any of such suits or claims, and the assured should not incur any expense or settle any claim without the written authority of the defendant. The policy further provided that it did not cover any loss on account of injuries or death caused or suffered by any employee who had been employed in violation of law as to age.

One Theodore Hadaller was employed by plaintiff at his establishment in the city of St. Louis, and while this policy was in force he suffered injuries while operating a circular saw in plaintiff's establishment. Immediately thereafter, plaintiff notified defendant of the accident. On November 14, 1922, Hadaller brought an action against the plaintiff in the circuit court of the city of St. Louis to recover damages on account of such injuries. On November 17, following, plaintiff was served with summons in this suit. He delivered this to defendant. At the time Hadaller was employed he furnished plaintiff with a certificate indicating he was sixteen years of age. About the time summons was served on plaintiff defendant was furnished a certificate of the Superintendent of the Board of Education of Granite City, Illinois, to the effect that according to the records of that office, Hadaller was born February 3, 1906. Shortly thereafter, Hadaller filed a petition asking for the appointment of a guardian *ad litem,* stating that he was fourteen years and eleven months old. This petition was sworn to by his mother. The plaintiff furnished the defendant with information respecting these proceedings. On December 6, 1922, counsel for defendant filed an answer and a motion to elect in behalf of plaintiff, and on December 7, or the next day, such counsel forwarded to the plaintiff the following letter:

"We are attorneys for the Continental Casualty Company of Chicago, with which you carry a liability policy covering the operation of your factory in this city. A boy named Hadaller was injured in your plant on the 25th day of September, 1922, and has brought suit to recover damages for such injuries. There is a slight

error in the name under which he has sued you, but that error is so slight that it can easily be corrected by leave of court.

"The Continental Casualty Company has called our attention to the fact that a controversy exists as to the exact age of this boy at the time of his injury. It is claimed by the boy that he was under sixteen years of age. A certificate from the Superintendent of the Board of Education at Granite City, Illinois, says that the records of the Board show that the boy was born on February 3, 1906. If that record is correct, the boy was over sixteen years of age when he was injured. If the plaintiff's contention is correct, then he was employed contrary to law, and since the insurance company's policy issued to you provides in substance that it shall not be liable for injury to an employee employed by you contrary to the law relating to age of minors who may be employed in this State, the insurance company will not be liable if it is established at the trial that the boy was unlawfully employed by you.

"In view of these facts, the Continental Casualty Company, through us as its attorneys, hereby notifies you that if investigation discloses the fact that the boy was employed by you at the time of his injury in violation of the law of this State as to age, then his case is not covered by the policy of insurance issued to you by the Continental Casualty Company, and that company will decline to pay any judgment rendered against you in favor of the plaintiff.

"In the meantime, until such controversy is settled, the company tenders you the service of its Claim Department for investigation and its attorneys for the defense of the case without charge to you up to the time that the question of age is determined. In so tendering you the service of its Claim Department and Legal Department, it must be distinctly understood that the Insurance Company does not thereby waive any of the provisions of the policy above referred to. If you are not willing to accept the services of the Claim Department and the Law Department of the Insurance Company during the making of such investigation on the terms herein stated, then please notify us at once, for we do not want to be put into the position of waiving any provision of the policy."

This letter was received in due course, but no answer thereto was made. On December 22, following, plaintiff called at the office of counsel for defendant and there discussed with Mr. Gentry the contents of this letter and the question of no liability. Mr. Gentry advised plaintiff that if it should be determined or discovered that Hadaller was not sixteen years of age at the time of the injury the defendant would disclaim liability and decline to go on with the defense of the action. Plaintiff then asked Mr. Gentry that in case the defendant decided not to continue with the defense on account of Hadaller's age, if he would represent him notwithstanding this

fact. Mr. Gentry advised him that he would let him know about the matter later.

On April 10, 1924, the case came up for trial. The evidence showed that Hadaller was not sixteen years of age. After the evidence had been completed, and prior to the argument of counsel, defendant, through its counsel, addressed and delivered to plaintiff the following letter, dated April 11, 1924.

"Evidence offered by the plaintiff this morning having clearly established without contradiction for the first time that the plaintiff, Theodore George Hadaller, was under the age of sixteen years at the time when he was injured in your factory, and that contrary to the provisions of the statute of this State the said Theodore George Hadaller was engaged in the operation of a power-driven machine known as a jointer, this is to advise you that the Continental Casualty Company now hereby finally disclaims all liability under its insurance policy carried by you for damages resulting from such injuries to said Theodore George Hadaller and will decline to pay any judgment that may be rendered against you on account of such injuries having been sustained by said Theodore George Hadaller.

"The Continental Casualty Company will, of course, pay its attorneys for their services rendered in the handling of said case up to this time and throughout the present trial which is now going on in the circuit court of the city of St. Louis, Division No. 6, inasmuch as you could not procure other counsel who could properly take hold of the case and finish the trial. But after the completion of the present trial all attorneys' fees and other expenses incurred in the case will have to be taken care of by you individually."

Hadaller obtained a verdict against the plaintiff in this suit. This judgment, of course, was obtained on account of injuries which Hadaller sustained while employed by plaintiff in violation of law as to age. This fact was a complete defense to plaintiff's cause of action, unless defendant waived the provisions of the policy above referred to, and is, therefore, estopped from asserting such a defense. Therefore, the first question presented for our consideration is whether or not defendant waived this provision in the policy.

Counsel for respondent argue that Hadaller received his injuries on September 23, 1922, and immediately upon the happening of such accident plaintiff notified defendant and defendant immediately began its investigation; that on November 14, 1922, Hadaller instituted suit against plaintiff to recover damages for the injuries he had received; that this petition was served on plaintiff on November 17, 1922; that the petition was in two counts, and it was alleged in both counts that Hadaller was fourteen years and eleven months old at the time he received his injuries; that this was followed by an application for the appointment of a next friend, which application

was sworn to by Hadaller's mother, the affidavit stating that he was fourteen years and eleven months old at the time he was injured; that immediately after November 17, 1922, defendant had information that Hadaller would swear to the fact at the trial of the case that he was fourteen years and eleven months old; that on December 6, the day before defendant's counsel wrote the first letter to plaintiff, such counsel filed an answer to Hadaller's petition, and also a motion to elect; that all these facts show that defendant had made up its mind to waive the exemption clause contained in the policy. If these facts constitute a waiver, then, of course, this judgment would have to stand. If the facts in evidence show no such waiver was made by defendant, the judgment will have to be reversed. To sustain the contention, plaintiff cites five Missouri cases, namely: Canning Co. v. Guarantee & Accident Co., 154 Mo. App. 334, 133 S. W. 664; Royle Mining Co. v. Fidelity & Casualty Co. of N. Y., 161 Mo. App. 185, 142 S. W. 438; Laundry Co. v. Fire & Life Assurance Co., 195 Mo. App. 313, 190 S. W. 382; Rieger v. London Guarantee & Accident Co., 202 Mo. App. 184, 215 S. W. 920; Mining Co. v. Fidelity Co., 126 Mo. App. 104, 103 S. W. 1098. We will notice briefly what these cases hold.

In Canning Co. v. Guarantee & Accident Co., supra, the Kansas City Court of Appeals held that the insurance company had waived the clause in question by taking charge of and defending the case, and was estopped to assert a violation of that clause of the policy as a defense to an action brought by the assured against the insurance company. This holding seems to be based mainly upon the ground that the assured had lost the right to control and manage its own case, which was prejudicial to the rights of the assured.

In Royle Mining Co. v. Fidelity & Casualty Co., supra, it was held that where the insurance company assumes control of the defense in an action brought by an injured employee against the insured, with full information of the character of the action, it will be deemed to have waived the objection that the liability is not within the terms of the policy, *unless on assuming charge of the litigation it notified the insured that it did not intend to waive such objection.*

In Laundry Co. v. Fire & Life Assurance Co., supra, the Springfield Court of Appeals held that where an employee was injured on December 1, 1914, and an investigation was begun and continued until January 16, following, and a letter written to the employer stating that the investigation of the case would be continued under full reservation of the rights under the terms of the policy, the insurance company refused to indemnify the employer, and on February 13, 1915, wrote another letter to the employer stating that the insurance company had investigated the accident and denied liability under the policy, such action amounted to an estoppel, and

the court held that the testimony tended to show that the insurance company recognized the accident as covered by its policy and proceeded to act according to its terms, and, therefore, the assured was presumed to have been prejudiced by such action and such a presumption is not a rebuttable one.

In Rieger v. London Guarantee & Accident Co., supra, the Kansas City Court of Appeals held that where the insurance company's agent, on being notified by plaintiff of an injury to an employee, assured him they would take care of the matter and protect him, and defendant's attorney took depositions of witnesses and prepared the defense to the suit and did not disclaim any liability until a few weeks before trial, such defense was estopped, or there was sufficient evidence to raise the issue of an estoppel.

The other case is Mining Co. v. Fidelity Co., supra. The court there held there was a waiver by the insurance company of a similar clause in its policy because the insurance company had taken control of the litigation with full information, and *without reservations.*

Does the action of defendant or its counsel amount to a waiver in the instant case?

It will be observed that prior to the time defendant filed the answer and motion to elect on behalf of plaintiff, it had information that Hadaller was claiming that he was under sixteen years of age, and had so stated in the petition filed in the case on the 14th of November, as well as the application for appointment of next friend. It also had information from the Superintendent of the Board of Education in Granite City, Illinois, that the boy was over sixteen years of age at the time he was injured. Defendant then filed its answer and motion to elect on the 6th of December, and on the next day wrote plaintiff the letter above referred to, disclaiming liability in case it was established that the boy was under sixteen years of age. The defendant went further, however, and tendered the services of its counsel and its Claim Department without cost to plaintiff, pending such investigation, and notified plaintiff in no uncertain terms that if he was not willing to accept the services of the Claim Department and Law Department of defendant that he should notify it at once, because defendant did not want to be put in the position of waiving any provision of the policy. Plaintiff paid no attention to this letter, seemingly, until the 22nd of December, following, when he had the conversation with Mr. Gentry, defendant's counsel, and asked him if he could represent him even though the defendant did disclaim liability. Of course, the defendant must disclaim liability within a reasonable time so that plaintiff could have the opportunity of conducting his own defense, but when defendant did disclaim within a reasonable time, and in a manner which we think was rather commendable, then plaintiff should have promptly advised defendant

whether or not these conditions were acceptable. If he had rejected the proposition made by defendant at that time defendant no doubt would have declined to proceed further, and plaintiff would have had the opportunity to control the defense of his own case.

In most of the cases relied upon by plaintiff, the insurance company proceeded with the defense of the action without any reservations, and without any proper notice that it would disclaim liability, leading the insured to think it admitted liability. The facts in this case do not permit of the inference that the defendant assumed control of the litigation without notice to plaintiff within a reasonable time that it would disclaim liability in the event it was established that Hadaller was under sixteen years of age at the time he was injured. [Mason-Henry Press v. Aetna Life Ins. Co., 211 N. Y. 489; Holland Laundry v. Travelers Ins. Co., 152 N. Y. Sup. 92; Sargent Mfg. Co. v. Travelers Ins. Co., 165 Mich. 87; Jos. Gordon, Inc. v. Mass. Bonding & Ins. Co., 229 N. Y. 424.]

The defendant having requested an instruction in the nature of a demurrer, was entitled to have the same given under the facts of this case.

The judgment of the circuit court is accordingly reversed. *Haid, P. J.,* and *Becker, J.,* concur.