Velma HANKINS, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE IN-SURANCE COMPANY, a Corporation, and Elizabeth Hankins, Respondents.

No. 23998.

Kansas City Court of Appeals.

Missouri.

June 1, 1964.

M. Randall Vanet, Shook, Hardy, Ottman, Mitchell & Bacon, Robert Morris Coleman, Kansas City, for appellant.

Thos. E. Deacy, Deacy & Deacy, Kansas City, for respondents.

BROADDUS, Presiding Judge.

In this case Velma Hankins as plaintiff under authority of Sect. 379.200 V.A.M.S. seeks to reach and apply the proceeds of a liability insurance policy issued by defendant State Farm Mutual Automobile Insurance Company to satisfy a money judgment against defendant Elizabeth Hankins in a former suit. The trial court entered judgment for defendant insurance company. Plaintiff appealed.

Plaintiff is the mother of Elizabeth Hankins. On September 4, 1956, plaintiff was a passenger in an automobile operated by her daughter which was involved in an accident resulting in injuries to plaintiff. On said date State Farm had in force a liability insurance policy which provided certain coverage to its assured, Elizabeth Hankins. One of the legal liabilities of defendant Elizabeth Hankins which the

State Farm policy did not cover is stated in the policy as follows:

"Exclusions * * *

"This policy does not apply under * * * Coverage A * * * for bodily injury to * * * any member of the family of insured residing in the same household as the insured."

The accident was timely reported to State Farm. Thereafter plaintiff filed suit, seeking damages from her daughter Elizabeth who forwarded service copy of the summons and petition to State Farm promptly after service. State Farm thereupon employed attorneys to defend the action and a jury trial resulted in judgment against defendant Hankins in the sum of $2500 on March 1, 1960.

Before the damage suit was filed Elizabeth Hankins advised State Farm representatives that her mother resided in the same household with her in Kansas City, Missouri. The plaintiff's petition subsequently filed alleged plaintiff's residence to be in Bradleyville, Missouri.

Upon receipt of the service copy of the summons and petition from Elizabeth Hankins, State Farm advised her by letter of the coverage exclusion quoted above and informed her that its continued defense of the action should not be construed by her as a waiver of any policy defense State Farm then or thereafter might have. Elizabeth Hankins did not reply to these letters.

At the trial of the instant case plaintiff's own evidence conclusively established that Velma Hankins was the mother of insured Elizabeth Hankins, and that at the time of the accident and for more than one year prior thereto they had continuously resided and lived together in the same apartment at 512 Bellefontaine, in Kansas City, Missouri. They both testified that they occupied the same bedroom and slept in the same bed.

■ Plaintiff contends that the trial court erred in finding the issues for defendant because "there was substantial evidence

that defendant State Farm by its acts had waived and was estopped to assert its household exclusion coverage defense." The burden of proving facts which would establish a waiver and estoppel was upon plaintiff. Cheatham v. Kansas City Life Ins. Co., 241 S.W.2d 47, 51, Mo.App. We agree with the trial court that plaintiff failed to carry that burden.

The three non-waiver letters which defendant wrote to insured and which were offered in evidence by the plaintiff clearly prevented any waiver or estoppel.

In the case of Linenschmidt v. Continental Casualty Company, 356 Mo. 914, 204 S.W.2d 295, the court held that in a case where there was a question as to whether or not a party not named in a policy was covered thereby the company did not waive the coverage question where it had explained the possibility that the insurance did not cover him personally and where the company entered into a defense of the case under a non-waiver letter signed by the third party. The court cited in its opinion 45 C.J.S. Insurance, § 714, pp. 686, 689. On pages 686–687 of 45 C.J.S. it is said:

"An insurance company, however, may defend insured and still reserve its defenses on the policy in respect of forfeiture or noncoverage, and where it does so no waiver or estoppel may be invoked to preclude the company from asserting nonliability, and where the company preserves its rights by a nonwaiver agreement, *or by its timely disclaimer of liability, and clear reservation of its rights to assert nonliability is sufficient irrespective of the form of agreement, or the absence of a nonwaiver agreement.* Thus an insurance company defending an action against insured may by due and timely action preserve its right to assert nonliability on the ground that the injury was not within the coverage of the policy, as that the contract did not include the person injured, or the person causing

the injury within its purview." (Italics ours.)

As authority for the foregoing statement the text cites many cases.

In the case of Royle Mining Co. v. Fidelity & Casualty Co., 161 Mo.App. 185, 142 S.W. 438, at page 444, the court said:

"If the plaintiff understood that the defendant reserved its rights under its indemnity policy at the time it assumed charge of the defense of the McDaniels action, then there never existed any estoppel against the defendant."

In that case it was claimed that the insurance company had notified the insured by letter (before assuming defense of a case) wherein it expressly reserved its right under its contract to disclaim any liability for any judgment which might be recovered in the case and that the insured thereafter did not object to such procedure, and the court held that, if the foregoing facts be found to be true by a jury, then there was no waiver or estoppel.

In the case of Western Casualty and Surety Co. v. Beverforden (Mo., 8 Cir.), 93 F.2d 166, 1. c. 169, the court said:

"The complaint shows that the appellant defended Dorothy Shelton on notice to her that it would pay no judgment recovered against her, because she was not covered by its policy. A waiver is a voluntary relinquishment of a known right, the 'intended giving up of a known privilege or power.' * * The conditional defense of Dorothy Shelton by the appellant would, we think, not constitute an assumption of liability by the appellant or a waiver of its right to deny its liability to the appellee for the judgment obtained."

In the case of Myers v. Continental Casualty Co., 223 Mo.App. 781, 22 S.W.2d 867, the court held that an insurance company did not waive any of the policy provisions where it assumed defense of a case under a nonwaiver notice and notice that the company would disclaim liability for any judgment recovered in the case in event the facts disclosed that there was no coverage. In that case there was no written non-waiver agreement signed by the parties; only a letter from the company to the insured. The insured in that case, after receipt of the notice, did not advise the company that its conditional defense of the case was not acceptable.

█ Under the evidence in the instant case it is clear that the insured fully understood the position of the defendant and accepted the defense of the suit which her mother had filed against her without protest, with the full knowledge and passive acquiescence in the position of the company that the mother was not covered under the policy and that the company did not waive its rights to thereafter claim that it would not be liable for payment of any judgment which the mother might obtain against the daughter.

We have not failed to note the cases cited by plaintiff-appellant, but the facts in this case do not bring it within their scope.

The judgment is affirmed. All concur.