588 F.Supp. 65 (1984)
SWAN CONSTRUCTION CO., INC., Plaintiff,
v.
BITUMINOUS CASUALTY CORP., Defendant.
No. 83-308C(A).
United States District Court, E.D. Missouri, E.D.
June 26, 1984.
*66 William Travis, St. Louis, Mo., for plaintiff.
Charles Gray, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
HARPER, District Judge.
This matter is before the Court on defendant's motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. Plaintiff also has filed a motion for partial summary judgment in this case.
Plaintiff, Swan Construction Co., Inc., is a Missouri corporation with its principal place of business in the City of St. Louis, Missouri. Defendant, Bituminous Casualty Corp., is an Illinois corporation with its principal place of business in Rock Island, Illinois. The amount in controversy exceeds Ten Thousand Dollars and this Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1332.
The undisputed facts are as follows:
Plaintiff, a construction contractor, and defendant entered into a contract of insurance in which defendant agreed to provide plaintiff with comprehensive general liability insurance. This contractual relationship was still in effect when, on April 12, 1976, plaintiff contracted with National Tea Company (hereinafter referred to as National) to construct a supermarket for National in St. Louis, Missouri.
National also obtained the services of Arnold Spirtas Wrecking Company, Inc. to prepare the construction site and Hastings and Chivetta Architects, Inc. to furnish architectural plans and specifications for the building of the supermarket. Plaintiff contracted with Missouri Terrazzo Company, Inc. to furnish and install the terrazzo floor and subfloor of the project.
After the project was completed, National discovered that the terrazzo floor and subfloor of the project had cracked, crumbled, buckled, pitted, became discolored and sank. As a result of the damage to the floors, National filed suit against plaintiff, Hastings and Chivetta, Missouri Terrazzo, and ultimately, Arnold Spirtas, for damages of $750,000.00.
Upon receiving notice of the suit, plaintiff tendered its defense of National's action to defendant. Defendant accepted defense of the action, but reserved its rights to deny coverage and withdraw the defense at any time. Defendant provided counsel for plaintiff's defense for approximately two years, until plaintiff decided to retain its own counsel to defend the lawsuit. Plaintiff maintains that it was forced to retain its own counsel in defense of National's claim because of a conflict of interest stemming from defendant's reservation of its rights under the insurance policy.
Subsequently, National dismissed its lawsuit upon receiving the sum of $268,000.00 in settlement from all defendants. Plaintiff contributed $41,333.00 to the settlement amount as its consideration for National's dismissal. Plaintiff seeks to recover its attorney and expert witness fees in defending the action, the amount paid in settlement, expenses and other damages under Missouri's vexatious refusal to defend statute, § 375.420 R.S.Mo.1978.
As mentioned above, both parties have filed motions for summary judgment. Summary judgment should be entered only when the pleadings, depositions, affidavits and admissions filed in the case "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.; Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The movant must show "his right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances." Ozark Milling Co. v. Allied Mills, Inc., 480 F.2d 1014, 1015 (8th Cir.1973); McGee, etc. v. Hester, etc., 724 F.2d 89, 91 (8th Cir.1983).
Summary judgment is appropriate here as all relevant and necessary facts for the *67 resolution of this matter are undisputed by the parties.
The threshold issue in this case is whether defendant had the duty under the insurance contract to defend plaintiff in its lawsuit against National. If there is no duty to defend under the policy, then defendant has no obligation to pay the settlement amount. Under Missouri law, which applies, the duty of a liability insurer to defend pursuant to its agreement is ordinarily determined by comparing the language of the insurance contract and the allegations of the petition or complaint in the action brought by the person injured or damaged. Aetna Casualty & Surety Co. v. Hase, 390 F.2d 151, 153 (8th Cir.1968); Ranger Insurance Co. v. Mercantile Trust Co., 363 F.Supp. 795, 800 (E.D.Mo.1973); Zipkin v. Freeman, 436 S.W.2d 753, 754 (Mo.1968); Northwestern Mutual Insurance Co. v. Haglund, 387 S.W.2d 230, 233 (Mo.App.1965). If the complaint alleges facts which state a claim potentially within the policy's coverage, there is a duty to defend. U.S. Fidelity & Guaranty Co. v. Louis A. Roser Co., 585 F.2d 932, 936 (8th Cir.1978).
The insurance contract provides:
"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damage because of bodily injury or property damage to which the insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent * * *."
Defendant concedes that property damage, caused by an occurrence, is involved in this cause, but maintains that the insurance does not apply to the alleged acts causing damage because of exclusion (x) contained in the Supplemental Miscellaneous Liability endorsement.
Exclusion (x) provides:
"With respect to the completed operations hazard, to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith."
"Completed operations hazard" is defined by the policy as including:
"* * * property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the * * * property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured."
It is not disputed by the parties that the damage in issue occurred after the construction was completed. Therefore, a comparison of the allegations in National's complaint against plaintiff with the other provisions of exclusion (x) will determine whether defendant had the duty to defend plaintiff in the lawsuit. As stated previously, National's suit was against four defendants, of which plaintiff was one. Count IV of National's second amended complaint alleges:
"4. Plaintiff has fully performed all of the obligations to be performed by it under the aforesaid contract but defendant Swan has breached its obligations under said contract by failing to cause the concrete subfloor and terrazzo floor of said supermarket to be constructed in a reasonably workmanlike manner and in accordance with said plans and specifications and by using materials of inadequate strength and durability.
* * * * * *
"7. As a direct result of the aforementioned acts of defendant Swan, concrete subfloor and terrazzo floor of said supermarket building has cracked, crumbled, buckled, pitted, discolored and sunk causing damage to plaintiff in the sum of $750,000."
From the wording of these allegations, three acts are complained of that resulted in a breach of plaintiff's contract with National: *68 (1) Failing to cause the floors of the supermarket to be constructed in a workmanlike manner; (2) failing to cause the floors to be constructed in accordance with the plans and specifications; and (3) using materials of inadequate strength and durability.
This Court, in Simons v. Great Southwest Fire Insurance Company, 569 F.Supp. 1429 (E.D.Mo.1983), 734 F.2d 1318 (8th Cir.1984), has construed identical language as that following "with respect to the completed operations hazard" in exclusion (x), to "exclude liability for damage to insured's work product." Supra, at 1431. Accord, see Southwest Forest Industries, Inc. v. Pole Buildings, Inc., 478 F.2d 185, 187 (9th Cir.1973). See also, Biebel Brothers, Inc. v. United States Fidelity and Guaranty Co., 522 F.2d 1207 (8th Cir. 1975).
In Biebel Brothers, supra, a roofing contractor brought an action against its insurer to recover the cost of removing roofing materials damaged by application of defective materials, cost of replacing them with new material, and overhead plus profit. The court reversed the district court's order granting summary judgment for the contractor on the basis that an exclusion identical to exclusion (x) in this case precluded recovery. In doing so, the court held, at 1211:
"The language of the exclusion is broad, unambiguous and all-inclusive. It clearly provides that the insurance does not apply to property damage to work performed by or on behalf of appellee arising out of either the work or any portion thereof, or out of material, parts or equipment furnished in connection therewith. * * * If exclusion (m) does not apply to the facts before us, it is completely meaningless."
Clearly the three specific acts alleged by National against plaintiff involve liability for damage to the insured's work product. There is no dispute that the damage to the floors occurred after operations had been completed, and, therefore, the unambiguous language of exclusion (x) applies to exclude liability for the acts alleged because the complaint puts forward no facts which state a claim that is potentially within the policy's coverage.
Plaintiff contends that since National's complaint alleges acts on the part of other contractors, not operating "by or on behalf of" plaintiff, then the complaint does not allege that the damage arose "solely" out of plaintiff's work and defendant, therefore, had the obligation to defend under the policy despite exclusion (x). Such a construction of the policy is not viable. Defendant had the duty under the policy only to pay damages and defend suits against plaintiff as to allegations to which the insurance policy applied. On the basis of exclusion (x), the insurance did not apply to the facts alleged in National's complaint against plaintiff. Furthermore, plaintiff could not be held liable for any damages caused by the other contractors because National's action was for breach of contract, and no apportionment between the contractors based on relative fault would be allowed under Missouri law. See Lane v. Geiger-Berger Associates, 608 F.2d 1148, 1151 (8th Cir.1979).
Under the policy and with these facts, it is only necessary to compare the allegations against plaintiff in determining whether the insurance policy issued by defendant applies. Here, under exclusion (x), the policy does not so apply.
Because this court is under the opinion that the insurance policy does not apply to the allegations of the complaint against plaintiff, defendant had no duty to defend in the lawsuit. It is, therefore, unnecessary to determine whether defendant's acts constituted a refusal to defend, nor is it necessary to decide whether any of the other exclusions in the policy were waived by defendant.
Accordingly, the motion of defendant for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, is sustained. Plaintiff's motion for partial summary judgment is denied.
*69 The clerk of the Court will prepare and enter the proper order in accordance with this ruling.