**BROONER & ASSOCIATES CONSTRUCTION, INC. f/k/a Brooner & Thomas Construction Company, Inc., Appellant,**

v.

**The WESTERN CASUALTY AND SURETY COMPANY,**
**Respondent.**

**No. WD 40232.**

Missouri Court of Appeals,
Western District.

Sept. 6, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 1, 1988.

William H. Sanders, Karl Zobrist, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jerry B. Buxton, Asst. Atty. Gen., Jefferson City, for respondent.

Before COVINGTON, NUGENT and GAITAN, JJ.

COVINGTON, Judge.

Brooner & Associates Construction, Inc., appeals from an order granting summary judgment in favor of Western Casualty and Surety Company. The judgment is affirmed.

In March, 1980, Brooner entered into an agreement with Linn County R–I Public Schools to construct a high school. Western issued a comprehensive liability insurance policy to Brooner. In February, 1986, Linn County filed a petition for damages against Brooner alleging that numerous defects and failures in the construction of the high school were caused by Brooner's negligence. As Brooner's surety on the performance bond, Western was also named as a defendant in separate counts not relevant to this appeal.

Upon receipt of the petition, Western sent a letter to Brooner which stated: (1) that Western had referred the defense of Brooner to an attorney; (2) that Western had undertaken a preliminary investigation to determine whether the claims against Brooner were covered by the policy; and (3) that any defense in the case would be undertaken subject to a reservation of Western's right to deny coverage. The letter stated that various specific policy provisions, which Western set out verbatim in the letter to Brooner, appeared to exclude coverage for the claims asserted by Linn County against Brooner. The letter further advised that Brooner had the right to retain counsel and to participate in the defense.

Brooner's attorney advised Western that Brooner would not accept Western's tender of a defense under a unilateral reservation of rights and demanded that the defense be undertaken by Western without reservation of rights. Brooner continued to demand that Western defend the claim without reservation of rights, and Western continued to defend subject to its reservation of the right to deny coverage. At no time did Brooner indicate that it intended to assume exclusively the defense of the case or that it desired to discharge the attorney whom Western had retained on Brooner's behalf. As of the date of oral argument, Western continues now to defend on behalf of Brooner.

Brooner filed the present suit against Western on July 2, 1986. The petition was styled "Petition for a Declaratory Judgment, or in the Alternative, Petition for Reformation," and was in two counts. In Count I, Brooner requested a declaratory judgment that Western's policy provided coverage for the Linn County claims and that Western's unilateral reservation of rights breached the policy and precluded Western from relying on policy provisions which inured to Western's benefit. In Count II, Brooner requested reformation of the policy, if necessary, to include coverage for "premises operations, completed operations hazard and products hazard" for which Brooner claimed it had paid separate premiums.

On August 26, 1987, Western filed a motion for summary judgment. Western argued that policy exclusions (n) and (o) established that the policy did not provide coverage for the claims asserted in the Linn County petition, and that, consequently, Western had no duty to defend Brooner. The exclusions provided that the subject insurance did not apply: (n) to property damage to the named insured's products arising out of such products or any part of such products; and (o) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts, or equipment furnished in connection therewith.

Western relied upon *Biebel Bros., Inc. v. United States Fidelity and Guar. Co.*, 522 F.2d 1207 (8th Cir.1975), *Swan Constr. Co., Inc. v. Bituminous Casualty Corp.*, 588 F.Supp. 65 (E.D.Mo.1984), *aff'd.* 767 F.2d 929 (8th Cir.1985), and *Luyties Pharmacal Co. v. Frederic Co., Inc.*, 716 S.W.2d 831 (Mo.App.1986), in support of its contention that the damages sought in the Linn County lawsuit were property damage to Brooner's product—the school building—and arose directly out of the work performed by the insured—the construction of the school. Western argued, under the cases cited, that the plain meaning of the exclusions (n) and (o) required a conclusion that the policy did not provide coverage for the incident in question. Brooner did not respond to Western's motion for summary judgment. The trial court sustained the motion.

On appeal, Brooner does not contest the applicability of exclusions (n) and (o) to the Linn County claims. Brooner's sole point relied on claims trial court error in sustaining Western's motion for summary judgment because, Brooner asserts, Western breached the policy of insurance by unilaterally proceeding to defend while claiming a reservation of rights to deny coverage. Brooner claims that, because Western has breached the policy of insurance by insisting upon providing a defense under reservation of rights, Western may no longer claim exclusions from coverage. As relief,

Brooner seeks coverage on Linn County's claims, expenses, and related damages.

Because Brooner did not oppose Western's motion for summary judgment and does not contend that any genuine issue of fact remains for trial, the facts upon which the motion is based are deemed admitted. *Cherry v. City of Hayti Heights,* 563 S.W. 2d 72, 75 (Mo. banc 1978). Review is limited to a determination of whether, upon the pleadings and the admitted facts, the trial court's judgment is sustainable on any theory. The record must be reviewed in the light most favorable to the party against whom the judgment was entered. Rule 74.04; *Roberts Fertilizer, Inc. v. Steinmeier,* 748 S.W.2d 883, 886 (Mo.App.1988).

Missouri courts have held that an insurer's timely disclaimer of liability and clear reservation of its right to assert non-liability are sufficient to defend a claim of waiver in circumstances similar to those of the present case. The rule is set forth in *Hankins v. State Farm Mut. Auto Ins. Co.,* 379 S.W.2d 829, 831 (Mo.App.1964). In *Hankins,* the court held that an insurance company did not waive any of the policy provisions where it provided notice to the insured that its continued defense of the action should not be construed as a waiver of any policy defense, and the insured fully understood the position of the insurer and accepted the defense of the suit which had been filed against her without protest of the defense and with full knowledge and passive acquiescence in the position of the insurance company of non-liability. In the present case, Western provided timely disclaimer of liability and clear reservation of its rights to assert non-liability, which, coupled with Brooner's acceptance of the defense provided by Western, defeat Brooner's argument that Western waived its right to claim that it would not be liable for payment of any judgment which Linn County might obtain against Brooner.

Under certain facts and circumstances, there are exceptions to the rule set forth in *Hankins.* Brooner relies upon *Butters v. City of Independence,* 513 S.W.2d 418 (Mo. 1974). The question in *Butters* was the effect of the insurer's offer to defend under a reservation of rights for non-coverage and the insured's refusal of such offer upon the respective rights and obligations of the parties under the contract of insurance. In *Butters,* the insurer ignored the request of the insured for advice which would have permitted a joint defense. Moreover, the insurer refused to advise the insured of the circumstances of recovery which the insurer believed would be beyond coverage. *Butters* is clearly distinguishable from the present case. Here, Western provided a timely notice of reservation of rights and expressed reasons therefor. At the outset, Western advised Brooner that it had the right to participate in the defense. Moreover, there is no showing that Western has refused to advise Brooner of any facts necessary to Brooner's decision whether to reject Western's defense and undertake its own defense. Additionally, although Brooner has continued to demand coverage, Brooner has accepted and, in fact, acquiesced in the defense provided by Western.

Brooner further relies upon *State ex rel. Mid–Century Ins. Co., Inc. v. McKelvey,* 666 S.W.2d 457 (Mo.App.1984). In *McKelvey,* the defendant-insured in the underlying suit demanded that his insurer defend the suit without any reservation of rights. The insurer offered to assume the defense with reservation of the insurer's rights to deny coverage pursuant to a specified exclusion. The defendant declined to accept the tendered defense. Subsequently, a default judgment was entered against the defendant. The insurer then sought leave to intervene in order to have set aside the default judgment. This court held that the insured was not required to accept the tendered defense with reservation of the insurer's right to deny policy coverage. The court reasoned that in certain instances a conflict of interest on the insurance company's part, or a division of interest, might cause the insurance company to be as much interested in establishing facts which would result in noncoverage as in establishing facts showing the insured's nonliability. Further, in *McKelvey,* the court noted that the insurance company would have standing to move to set aside the default judg-

ment rendered against its purported insured should the insurance company elect to file a declaratory judgment action.

The facts of *McKelvey* are clearly distinguishable from those of the present case. Although Brooner has continued to demand coverage, it has not otherwise objected to the defense provided by Western but, in fact, has accepted it. Consequently, the reasoning of the *McKelvey* decision is not applicable here.

Because Western provided adequate notification to Brooner of Western's reservation of rights and timely disclaimed liability, and because Brooner, although demanding coverage, has never rejected Western's defense of the underlying action but has, in fact, acquiesced in it, Brooner's claim that Western has waived the ability to claim exclusion from coverage is denied.

The judgment is AFFIRMED.

All concur.