CENTRAL BANK, Appellant,

v.

ST. PAUL FIRE & MARINE INSURANCE; Employers Mutual Casualty Company, Appellees.

No. 89–1769.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1990.

Decided April 2, 1991.

Rehearing Denied June 5, 1991.

Timothy E. Gammon, Springfield, Mo., for appellant.

Louis C. Roberts, Chicago, Ill., and Robert J. Wulff, St. Louis, Mo., for appellees.

Before McMILLIAN and FAGG, Circuit Judges, and STROM,* Chief District Judge.

McMILLIAN, Circuit Judge.

Central Bank appeals from a final judgment entered in the United States District Court[1] for the Western District of Missouri, granting summary judgment in favor of St. Paul Fire & Marine Insurance Company ("St. Paul") and Employers Mutual Casualty Company ("Employers"). For the reasons discussed below, we affirm the judgment of the district court.

Central Bank seeks to recover $50,000 from St. Paul, under its general liability policy, which it paid in settlement of a suit brought by one of its customers, plus $23,445.92 in attorney's fees and costs, which it incurred in defending the underlying suit. It alternatively seeks to recover the settlement amount from Employers under its Directors and Officers liability insurance

---

* The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

policy.[2] Both insurance policies contained provisions prohibiting Central Bank from settling claims without the authorization of the insurer.[3]

The underlying suit was initiated by Darrell Boyd in a six count petition filed in the Circuit Court of Laclede County, Missouri, alleging inter alia that, on December 31, 1980, an officer of Central Bank unlawfully repossessed some of his cattle and farm equipment that Boyd had pledged as security for a loan. This allegation was predicated on the fact that, although the cattle and farm equipment was owned by Boyd and his wife, only Boyd had signed the loan papers.[4] Central Bank tendered the defense of the suit to St. Paul, and the insurer agreed to defend the claim as to Count I under a reservation of rights to which Central Bank agreed. St. Paul employed an attorney to represent Central Bank on this one count and paid all of his fees; Central Bank retained attorneys to defend against the remaining counts. On or about August 1, 1986, Boyd submitted a settlement demand for $75,000, but St. Paul refused to contribute to any settlement of the suit. On May 14, 1987, St. Paul filed suit in the Circuit Court of Laclede County seeking a declaratory judgment that there was no coverage for the claim asserted in Count I of Boyd's petition. St. Paul dismissed this suit on October 20, 1987. Although Central Bank entered into a settlement agreement with Boyd for $50,000 on November 5, 1987, it did not provide the requisite notice to either St. Paul or Employers, nor did it receive their authorization or consent.

On April 6, 1988, Central Bank filed the instant action in the United States District Court for the Western District of Missouri. On October 6, 1988, the district court denied Central Bank's motion for summary judgment against St. Paul, holding that the issue of whether the repossession of the cattle and farm equipment constituted an "accidental event" under the insurance policy was a factual determination that depended upon the bank officer's state of mind at the time of repossession. On March 22, 1989, the district court granted St. Paul and Employers' motion for summary judgment, finding that there was "no material disagreement between the parties as to the relevant facts" and that the defendants were entitled to a judgment as a matter of law. *Central Bank v. St. Paul Fire & Marine Insurance Co.*, No. 88–3151–CV–S–4, slip op. at 2 (W.D.Mo. Mar. 22, 1989). This appeal followed.

The sole issue on appeal is whether the district court erred in awarding summary judgment in favor of St. Paul on the ground that, under Missouri law, St. Paul did not waive any provisions in its policy by refusing to contribute to a settlement nor in filing the declaratory judgment action, and in favor of Employers on the ground that Central Bank's failure to give notice or obtain authorization violated an express provision of the Employers policy. Summary judgment is appropriate when the district court determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In addition, a motion for summary judgment must be viewed in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences to be drawn from the underlying facts. *Agristor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). We review the district court's con-

---

2. There was no provision in the Employers policy requiring it to defend Central Bank or any of its officers or directors against any claim covered by the policy.

3. St. Paul's General Liability Policy provided: "If there is an accident or incident covered under this policy you must.... Refrain from taking on any financial obligation or paying out any money, *without our authorization. If you do, we may not reimburse you, even if the cost*

is covered by the policy...." St. Paul's Appendix at 39. The Employers policy provided: "No costs, charges or expenses shall be incurred, or settlements made without insurer's consent, such consent not to be unreasonably withheld...." Brief for Appellant at 98.

4. When Boyd signed the security agreement he represented that he was the owner of the pledged property.

clusions of law, including the granting of summary judgment, under the de novo standard. *Salve Regina College v. Russell,* — U.S. ——, 111 S.Ct. 1217, 1219, 113 L.Ed.2d 190 (1991); *Burdine v. Dow Chemical Co.,* 923 F.2d 633, 635 (8th Cir. 1991).

■ Central Bank argues that St. Paul waived the settlement provision of its policy by its refusal to contribute to the underlying claim and by filing an action for declaratory judgment in which it denied coverage for the underlying claim. We disagree.

Under Missouri law, an insurer may undertake the defense of its insured and reserve its right to later disclaim coverage, provided it gives the insured notice of a reservation of rights. *See City of Carter Lake v. Aetna Casualty & Sur. Co.,* 604 F.2d 1052, 1060 (8th Cir.1979) (*Aetna*); *American Family Mut. Ins. Co. v. Richardson,* 517 F.Supp. 125, 127 (E.D.Mo. 1981); *Brooner & Assocs. Constr., Inc. v. Western Casualty & Sur. Co.,* 760 S.W.2d 445, 447 (Mo.Ct.App.1988) (*Brooner*); *Hankins v. State Farm Mut. Auto. Ins. Co.,* 379 S.W.2d 829, 830–31 (Mo.Ct.App. 1964). In *Aetna,* this court noted:

> Reservation of rights is a means by which prior to determination of the liability of the insured, the insurer seeks to suspend the operation of waiver and estoppel. When coverage is in doubt, the insurer may offer to defend the insured, reserving all of its policy defenses in case the insured is found liable. Upon such notification the insured may either accept the reservation of rights and allow the company to defend or it may reject the reservation of rights and take over the defense itself.

604 F.2d at 1060 n. 7. This is what happened in the instant case.

Although it was under no obligation to do so,[5] Central Bank agreed to St. Paul's assumption of the defense of the Boyd suit under a reservation of rights, and Central Bank never attempted to disclaim the reservation of those rights. Under the circumstances of the instant case, St. Paul was entitled to bring an action for declaratory judgment as to its obligation to indemnify Central Bank in the Boyd suit. *See State ex rel. Mid-Century Ins. Co. v. McKelvey,* 666 S.W.2d 457, 459 (Mo.Ct.App. 1984). In addition, it is important to note that St. Paul continued to defend Central Bank in the underlying suit throughout its action for declaratory judgment, and there is no indication that St. Paul ever refused to provide legal advice or any facts necessary to Central Bank's decision whether to undertake its own defense. *See Brooner,* 760 S.W.2d at 447. Therefore, we find no basis for concluding that St. Paul waived its contractual right to authorize the settlement of the Boyd claim. Central Bank, in accepting St. Paul's defense with knowledge of its terms, bound itself to cooperate with the insurer and foreclosed its unilateral right to settle the claim.[6] *Cf. Cologna v. Farmers & Merchants Ins. Co.,* 785 S.W.2d 691, 700 (Mo.Ct.App.1990) ("[insurer] refused to defend the action except on reservation of rights, and the insured *would not accept* such a conditional defense.... When an insurer has disclaimed coverage and later decides to provide a defense, its readiness and willingness to defend the action must be clearly and unequivocally stated") (emphasis added).

■ Central Bank argues that, even though it did not notify Employers that it was settling the Boyd case, this lack of notice does not defeat coverage, under the Directors and Officers liability insurance policy, in the absence of a showing that the insurer was thereby prejudiced. We disagree. Employer's duty to pay any settlement of a covered claim is expressly conditioned on its consent. The question of prej-

---

**5.** *See Butters v. City of Independence,* 513 S.W.2d 418, 424–25 (Mo.1974) (insured not obligated to accept insurer's defense under a reservation of rights, "particularly when the insurer was unwilling, as an alternative to unqualified defense, to advise the city of the circumstances of recov-

ery which the insurer felt would be beyond the coverage").

**6.** We also find no legal basis for construing St. Paul's refusal to contribute to a negotiated settlement as constituting a denial of liability or a waiver of its contractual rights.

udice is irrelevant where the insured breaches a condition precedent to its recovery. *See Louisiana Farm Supply Co. v. Federal Mut. Ins. Co.*, 409 S.W.2d 239, 242 (Mo.Ct.App.1966). The failure of Central Bank to obtain Employer's consent, by itself, precludes recovery.

Finally, Central Bank argues that the district court erred in granting summary judgment because the issue of whether its repossession of Boyd's cattle and farm equipment constituted an "accidental event" within the meaning of the St. Paul and Employers policies is a factual issue that requires an evidentiary hearing. Because we hold that the district court did not err in granting summary judgment in favor of St. Paul and Employers, we need not address this issue.

We hold that the district court did not err in determining that St. Paul did not waive any provisions of its policy by refusing to contribute to a settlement nor in filing the declaratory judgment action. We also hold that the district court did not err in finding that Central Bank's failure to provide Employers notice of the settlement relieved the insurer from any duty to indemnify or reimburse Central Bank for monies paid in settlement of the claim. Accordingly, the judgment of the district court is affirmed.

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.