**DICKMAN AVIATION SERVICES, INC. and Dan Dickman, Plaintiffs–Appellants,**

v.

**UNITED STATES FIRE INSURANCE CO., a New York Corporation, Defendant–Respondent.**

No. 17174.

Missouri Court of Appeals, Southern District, Division One.

April 19, 1991.

Motion for Rehearing or Transfer to Supreme Court Denied May 13, 1991.

Application to Transfer Denied June 11, 1991.

R. Lynn Myers, Springfield, for plaintiffs-appellants.

John Z. Williams, Ronald D. White, Williams, Robinson, Turley, Crump & White, Rolla, for defendant-respondent.

MAUS, Presiding Judge.

In this action, Dickman Aviation Services, Inc. (Dickman, Inc.) and Daniel Dickman, insureds under a policy of liability insurance, seek to recover from United States Fire Insurance Co. (U.S. Fire), the insurer, $11,500.00 which Dickman, Inc. paid in satisfaction of a judgment against it. The trial court entered a summary judgment against Dickman, Inc. and Daniel Dickman.

The following are the essential facts gleaned from the pleadings and evidentiary material. Dickman, Inc. was engaged in the business of selling, repairing, maintaining and servicing airplanes and airplane engines. Daniel Dickman was an aircraft mechanic providing those services on behalf of Dickman, Inc. On or about July 15, 1982, Dickman, Inc. sold to James McKoane Enterprises, Inc. (McKoane) a 1966 Cessna 210 airplane, equipped with a Continental TS 10–520C engine, for $26,000.00. As part of the sales contract, Dickman, Inc. agreed to overhaul the engine and bring it up to factory-new tolerances and to install new pistons, rings, exhaust valves, camshaft, lifters and bearings in the engine. While the engine was being used by McKoane, it developed an oil obstruction and was damaged. The cost of repairing the engine was $10,561.50. The obstruction resulted from a piece of debris.

On October 27, 1983, McKoane filed its petition in four counts against Dickman, Inc. and Daniel Dickman to recover damages resulting from repair of the engine in the amount of $10,561.50. Count I was against Dickman, Inc. and was based upon breach of contract. Count II was against Dickman, Inc. and Daniel Dickman and was based on an express warranty. Count III was against Dickman, Inc. and Daniel Dickman and was based upon implied warranty. Count IV was against Dickman, Inc. and Daniel Dickman and was based upon misrepresentation.

Dickman, Inc. and Daniel Dickman tendered the defense of that petition to U.S. Fire. U.S. Fire declined to defend. It assigned as reasons the fact the loss did not result from "an occurrence" as defined in the policy and the fact the loss was not covered by reason of Exclusions A and B relating to products and services of the insured.

In November 1987, the case, pending on the original petition, was set for trial on April 11, 1988. On April 11, 1988, the following docket entry was made. "Parties appear with attorneys and announce that they need continuance for settlement." The cause was continued generally and not reset for a specific date.

On April 27, 1988, plaintiff McKoane filed an amended petition containing Count V. Count V was based on the negligence of Dickman, Inc. "in that the engine was not brought up to factory-new tolerances, and the pistons, rings, exhaust valves, camshaft, lifters and bearings were negligently and carelessly improperly installed." Permission to file the amended petition was

followed by this docket entry. "Parties appear and announce that both sides waive jury trial and that they are ready for trial. Evidence heard and Judgment for Plaintiff on Count V of his [sic] Amended Petition in the amount of $11,488.73. Judgment for Defendant–Plaintiff, McKoane Enterprises, Inc., on Dickman Aviation Services, Inc. and Daniel Dickman counterclaim." Thereafter, a formal judgment was filed granting plaintiff McKoane judgment on Count V against the defendants Dickman, Inc. and Daniel Dickman for $11,500.00.[1] That judgment is the basis of this action by Dickman, Inc. and Daniel Dickman.

U.S. Fire's motion for summary judgment, in pertinent part, read as follows:

"Defendant moves that the court enter summary judgment in defendant's favor on the following grounds:

1. Plaintiffs have breached conditions of the insurance policy;

2. Plaintiffs' claim is not covered under the insuring agreement of the insurance policy and;

3. Plaintiffs' claim is excluded under the terms of the insurance policy."

Those grounds were amplified in suggestions attached to and incorporated in the motion.

The first ground is predicated upon the following Condition of the policy.

"**4. Insured's Duties in the Event of Occurrence, Claim or Suit:**

\* \* \* \* \* \*

(b) If the claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

\* \* \* \* \* \*

**5. Action against Company:** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy...."

"[C]onditions of an automobile liability policy requiring notice to be given to an insurance carrier as soon as practicable when an accident occurs and that suit papers be filed immediately and requiring the cooperation of the insured are valid, enforceable and binding." *McNeal v. Manchester Ins. & Indem. Co.,* 540 S.W.2d 113, 119 (Mo. App.1976). (Citations omitted.) Also see *Anderson v. Slayton,* 662 S.W.2d 575 (Mo. App.1983); 14 Couch on Insurance 2d (Rev ed) § 51:123.

To establish they are not barred by the violation of Condition 4(b), appellants Dickman, Inc. and Daniel Dickman rely upon the following quotation in their brief:

" 'Ordinarily the insurer's duty to defend is determined from the policy provisions and the allegations of the petition' [in the tort action]. *Zipkin v. Freeman,* 436 S.W.2d 753, 754[1] (Mo. banc 1968); *Farmers Alliance Mut. Ins. Co. v. Reed,* 530 S.W.2d 470, 475[1] (Mo.App.1975). The petition in the tort action 'must be looked to for establishment of [the insurer's] obligation to defend under the policy.' *Butters v. City of Independence,* 513 S.W.2d 418, 424 (Mo.1974). *Zipkin* also holds, at p. 754, that the insurer 'cannot safely ignore actual facts known to it or which could be known from reasonable investigation,' that is, 'the facts which were known, or should have been reasonably apparent at the commencement of the suit[.]' \* \* \* 'When a ... petition in an action against one to whom a policy of automobile liability insurance has been issued states different causes of action or theories of recovery against the insured, one of which is within the coverage of the policy and others of which may not be, *the insurer is bound to defend with respect to those causes of action which, if proved, would be within the coverage.*' " *Fidelity and Cas. Co. of New York v. Wrather,* 652 S.W.2d 245, 247 (Mo.App.1983). (Emphasis added).

That quotation is an accurate general statement of relevant principles of law. How-

---

1. There is no explanation of the basis for the judgment against Dickman, Inc. *and* Daniel Dickman upon Count V which named only Dickman, Inc. as a defendant and which prayed for judgment only against Dickman, Inc.

ever, appellants misconceive the import of those principles. The quotation does not support the appellants' contention.

They argue that Count II (express warranty) and Count III (implied warranty) are within the coverage of U.S. Fire's policy. They cite *McRaven v. F–Stop Photo Labs, Inc.,* 660 S.W.2d 459 (Mo.App.1983).[2] They then argue that since those counts were within the coverage, U.S. Fire was bound to defend the appellants in the action. They conclude that since U.S. Fire did not appear to defend them, the insurance company is bound by the judgment on Count V (negligence) which is covered by the policy even though the insurer had no notice of that count.

The extent of an insurer's duty to defend an insured against a petition stating "different causes of action or theories of recovery against the insured, one of which is within the coverage of the policy and others of which may not be" cannot in every case be determined by the statement quoted from *Fidelity and Cas. Co. of New York v. Wrather,* supra. See *Harold S. Schwartz v. Continental Cas.,* 705 S.W.2d 494 (Mo.App.1985); *Travelers Ins. Co. v. Cole,* 631 S.W.2d 661 (Mo.App.1982); *Butters v. City of Independence,* 513 S.W.2d 418 (Mo.1974); *Howard v. Russell Stover Candies, Inc.,* 649 F.2d 620 (8th Cir.1981); *Home Insurance Company v. Pinski Brothers, Inc.,* 160 Mont. 219, 500 P.2d 945 (1972); *Waite v. Aetna Casualty and Surety Company,* 77 Wash.2d 850, 467 P.2d 847 (1970); *Ferguson v. Birmingham Fire Insurance Company,* 254 Or. 496, 460 P.2d 342 (1968); 14 Couch on Insurance 2d (Rev ed) § 51:47. Nevertheless, that general statement will be accepted as applicable to this case.

However, that statement does not establish that U.S. Fire is liable to appellants on the basis of a judgment rendered upon Count V. The liability of an insurer to pay a judgment against an insured upon a multi-theory petition is governed by the following statement:

"In the case of a liability insurer's refusal to defend an action against the insured which involves both claims within the coverage of the policy and claims which are not covered by the policy, if the liability insurer fails to defend the action, and the insured unsuccessfully defends the action, then the insurer is liable for the recovery against the insured if such recovery is on a claim covered by the policy, but *no liability for the recovery will rest upon the insurer if the recovery is on a noncovered claim."* 44 Am.Jur.2d, Insurance, § 1418. (Emphasis added.)

It follows that an insurer has the right to determine if it wishes to defend an action or contest coverage upon the basis of a petition presented to it. The record establishes that U.S. Fire did so in this case. When the insureds were served with an amended pleading containing added Count V, stating a new theory of recovery, the insureds were subject to the obligation of Condition 4(b) to immediately forward to U.S. Fire that amended petition and not to immediately voluntarily appear at a trial before the court upon the amended petition. U.S. Fire was entitled to determine if recovery upon Count V would be within the coverage and if it wished to defend the petition which included that count. *Steve Spicer Motors, Inc. v. Federated Mut. Ins.,* 758 S.W.2d 191 (Mo.App.1988).

The facts in this case are somewhat parallel to the facts in *Salvatierra v. National Indem. Co.,* 133 Ariz. 16, 648 P.2d 131 (1982). In that case, the named insureds entered into an agreement with the plaintiffs whereby the plaintiffs were given "a free hand" to obtain judgments against the named insureds and seek satisfaction only from defendants' insurers. The defendants appeared in a trial before the court. Judgments were entered against the named insureds upon the basis of a theory not set forth in the original petition. In holding that the insurer was not liable for those

---

2. This case is discussed in *Taylor–Morley–Simon, Inc. v. Michigan Mut. Ins. Co.,* 645 F.Supp. 596 (E.D.Mo.1986). That case may reflect the position of U.S. Fire that its policy does not

provide coverage for Count II (express warranty) or Count III (implied warranty). This is the second ground cited in U.S. Fire's motion for summary judgment.

judgments, the court stated the following general principles:

"If on its face the complaint in the action brought against the insured alleges facts which come within the coverage of the liability policy, the insurer is obligated to assume the defense of the action, but if the alleged facts fail to bring the case within the policy coverage, the insurer is free of such obligation....

"The law is clear that an insurer must be given notice of an amended pleading which would impose a duty to defend, and a failure to give notice will relieve the insurer of liability under the policy.... The insured cannot defeat the necessity of the notice of such an amended pleading by simply waiving the necessity of an amendment." *Salvatierra,* 648 P.2d at 134.

The action of the appellants in accepting the amendment and immediately appearing in a trial before the court was a breach of Condition 4(b). By reason of that breach, the trial court correctly entered summary judgment against the appellants. *Anderson v. Slayton,* 662 S.W.2d 575 (Mo. App.1983).

It is not necessary to discuss the third ground cited in U.S. Fire's motion for summary judgment.

"Review of a summary judgment is equivalent to review of a court-tried or equity proceeding and if, as a matter of law, the judgment is sustainable on any theory, it must be affirmed. *Snowden v. Northwest Missouri State University,* 624 S.W.2d 161, 165[1] (Mo.App.1981); *Flanary v. Rowlett,* 612 S.W.2d 47, 49[2] (Mo.App.1981)." *McCready v. Southard,* 671 S.W.2d 385, 387 (Mo.App.1984).

Those interested in the cases that establish that the policy exclusions relating to the insureds' products and property damage to work performed by the insured which also bar appellants' recovery may see the following. *Taylor–Morley–Simon, Inc. v. Michigan Mut. Ins. Co.,* 645 F.Supp. 596 (E.D.Mo.1986); *Sturla, Inc. v. Fireman's Fund Ins. Co.,* 67 Haw. 203, 684 P.2d 960 (1984); *Simons v. Great Southwest Fire Ins.,* 734 F.2d 1318 (8th Cir.1984); 12 Couch on Insurance 2d (Rev ed) § 44A:60. The judgment of the trial court is affirmed.

PREWITT and CROW, JJ., concur.