SAFECO INSURANCE COMPANY
OF AMERICA, Respondent,

v.

Lisa M. ROGERS, Appellant,

and

Daniel Ingram, Defendant.

No. WD 54231.

Missouri Court of Appeals,
Western District.

May 12, 1998.

Donald E. Howell, Jr., Florissant, for Appellant.

John E. Franke, Kansas City, for Respondent.

Before HOWARD, P.J., and BRECKENRIDGE and SPINDEN, JJ.

HOWARD, Presiding Judge.

Lisa M. Rogers appeals from a declaratory judgment holding that Safeco Insurance Company of America ("Safeco") was not obligated to indemnify its insured, Daniel J. Ingram, in a suit which Rogers brought against him. Rogers contends that the trial court erred by finding that Ingram's violation of a cooperation clause in the Safeco policy relieved Safeco of liability on that policy.

Affirmed.

On October 2, 1992, Rogers brought an action against Ingram, her employer, alleging that he had subjected her to a variety of crude sexual behaviors. Rogers' original three-count petition set forth claims of assault, battery, and breach of contract. Ingram retained his own attorney to represent him in the suit.

At the time that the misconduct took place, Ingram d/b/a Kartoon's Hair Systems had general liability coverage with Safeco. Safeco's initial response to the petition was to deny coverage to Ingram on the ground that

the claims did not come within the terms of the policy. Then, on April 1, 1993, Safeco sent Ingram a letter informing him that Safeco would provide a defense to the suit subject to a reservation of Safeco's right to deny coverage. Ingram accepted Safeco's defense without protest, and Safeco retained an attorney to represent him.

On April 14, 1993, Safeco filed a petition for declaratory judgment, seeking a determination that Safeco's policy provided no coverage for the claims asserted by Rogers and that Safeco had no obligation to defend Ingram or to satisfy any judgment against him. Meanwhile, the underlying litigation was proceeding toward trial, which was scheduled for Monday, June 6, 1994. On June 3, the Friday before trial, Ingram and Rogers entered into a settlement agreement pursuant to § 537.065, RSMo 1994.

On the day of trial, Rogers filed an amended petition which included a new cause of action for invasion of privacy. Safeco did not learn of the amended petition until after the trial was over. Safeco's policy included a clause which provided that the insured "must immediately" send Safeco "copies of any demands, notices, summonses or legal papers" received in connection with the lawsuit. The policy also provided that "[n]o action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all terms of this policy."

The attorney retained by Safeco to represent Ingram was instructed by Ingram's personal attorney not to present any defense at trial. The court, which heard the case without a jury, awarded Rogers $50,000.00 on each of the four counts set out in the amended petition.

On July 18, 1995, the court presiding over Safeco's declaratory judgment action entered its findings of fact and conclusions of law. The court noted that Rogers had conceded that Safeco's policy did not cover her assault and battery claims, and that the contract claim had been resolved by settlement prior to trial. Therefore, the only issue before the court was whether Safeco was obligated to satisfy the judgment on the invasion of privacy claim. The court concluded that it need not determine whether the invasion of priva-

cy claim asserted for the first time in the amended petition was covered by the policy, because, by failing to tender that petition to Safeco prior to trial, Ingram breached the cooperation clause of the policy. Therefore, the court determined, Safeco was not liable for any part of the judgment against Ingram.

In her sole point on appeal, Rogers claims that, by initially refusing to provide coverage to Ingram and then by challenging coverage in its declaratory judgment action, Safeco forfeited its right to insist upon the cooperation clause of the policy. Therefore, Rogers contends, the trial court erred by concluding that Ingram's violation of that clause relieved Safeco of its obligation to pay any part of the judgment against Ingram.

It is true, as Rogers asserts, that Safeco initially declined coverage. However, Safeco soon changed its position and, in its April 1, 1993 letter to Ingram, informed him that Safeco would provide a defense to the suit subject to a reservation of Safeco's right to deny coverage. Under Missouri law, an insurer may choose to undertake the defense of its insured and reserve its right to later disclaim coverage, provided it gives the insured notice of a reservation of rights. *Central Bank v. St. Paul Fire & Marine Ins.*, 929 F.2d 431, 433 (8th Cir.1991). If the insurer makes this choice, the insured, in turn, may elect to allow the insurer to defend or it may elect to refuse to allow a defense under a reservation of rights. *State ex rel. Rimco, Inc. v. Dowd*, 858 S.W.2d 307, 308 (Mo.App. E.D.1993).

In this case, as we have noted, Ingram accepted Safeco's defense. Where an insurer provides notice to the insured that its defense of the action is subject to a reservation of its right to assert non-liability, and the insured accepts the defense without protest and with full knowledge and passive acquiescence in the insurer's position of non-liability, the insurer does not waive any of its policy provisions. *Brooner & Assoc. v. Western Cas. & Sur.*, 760 S.W.2d 445, 447 (Mo. App. W.D.1988). Furthermore, if the insured agrees to the insured's assumption of the defense under a reservation of rights, the insurer is entitled to bring an action for declaratory judgment as to its obligation in the underlying litigation. *Central Bank*, 929 F.2d at 433 (citing *State ex rel. Mid–Century Ins. Co. v. McKelvey*, 666 S.W.2d 457 (Mo. App. W.D.1984)).

Since Safeco did not forfeit its right to rely upon its policy provisions, the trial court did not err by concluding that Safeco was relieved of liability because Ingram violated the cooperation clause of the policy. In *Dickman Aviation v. U.S. Fire Ins.*, 809 S.W.2d 149 (Mo.App. S.D.1991), the insured was served with an amended petition containing a new cause of action, and, instead of directly forwarding the amended petition to the insurer, the insured accepted the amended petition and proceeded immediately to trial. The court concluded that this conduct violated a cooperation clause that was virtually identical to the one in this case, and that the violation relieved the insurer of liability on the policy.

The policy behind such a rule is obvious. Where, as here, an insurer defends under a reservation of rights, it forfeits its right to participate in the litigation and to control the lawsuit. *Ballmer v. Ballmer*, 923 S.W.2d 365, 369 (Mo.App. W.D.1996). When a plaintiff serves an amended petition setting out a new cause of action, the insurer has the right to determine if the new count is within its coverage, and thus reexamine the question of whether to fully and actively participate in a defense against that claim. *See Dickman*, 809 S.W.2d at 152.

The judgment of the trial court is affirmed.

All concur.