# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2912
No. 98-3040

_____

| | | |
|---|---|---|
| Esicorp, Inc.; St. Louis Testing Laboratories, Inc., | * | |
| | * | |
| | * | |
| Plaintiffs - Appellees/ | * | |
| Cross - Appellants, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| Liberty Mutual Insurance Company, | * | |
| | * | |
| Defendant - Appellant/ | * | |
| Cross - Appellee. | * | |

_____

Submitted: May 10, 1999

Filed: October 19, 1999

_____

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and WATERS,[*] District Judge.

_____

LOKEN, Circuit Judge.

Esicorp, Inc. ("Esicorp") sued St. Louis Testing Laboratories, Inc. ("SLT") for negligence. SLT's liability insurer, Liberty Mutual Insurance Company ("Liberty

_____

[*]The HONORABLE H. FRANKLIN WATERS, United States District Judge for the District of Arkansas, sitting by designation.

Mutual"), refused to defend SLT.  Esicorp and SLT then settled that lawsuit -- which we shall call the underlying action -- agreeing that most of SLT's settlement obligation could be recovered only from Liberty Mutual.  Esicorp, suing on behalf of itself and SLT, then commenced this diversity action against Liberty Mutual to recover the settlement amount and punitive damages for bad faith breach of the insurer's duties to defend and indemnify.  Ruling on cross motions for summary judgment and applying Missouri law, the district court concluded that Liberty Mutual had breached its duty to defend SLT and granted Esicorp judgment for the full amount of the settlement plus SLT's costs of defense in the underlying action.  The court rejected Esicorp's claim for punitive damages and refused to award Esicorp its attorneys' fees in this action.  Both sides appeal.  We agree that Liberty Mutual breached its duty to defend, and that Esicorp may not recover punitive damages or its attorneys' fees in this action.  However, we conclude that Liberty Mutual's liability for SLT's settlement may not exceed its duty to indemnify under the policy, and we therefore remand for resolution of coverage and apportionment issues the district court did not address.

## I.  Liberty Mutual's Duty to Defend

This dispute arose when Esicorp's predecessor, acting as prime contractor, purchased large diameter, welded steel "Penstock" pipe sections for a construction project at a California hydroelectric plant.  Progressive Fabricators of St. Louis manufactured the pipe sections by welding together pieces of rolled metal in its shop.  SLT was hired to inspect and approve Progressive Fabricators' shop welds before the pipe sections were shipped from St. Louis to the project site in California.  Once on site, the pipe sections were field-welded together to form an integrated pipe system.  With the project well under way, spot checks of field welds led to the discovery of defects in Progressive's shop welds.  The project owner then suspended further work and required Esicorp to re-examine all the shop welds and repair rejectable defects.

In August 1994, Esicorp sued SLT, alleging that its negligent testing and approval of over four hundred defective shop welds caused Esicorp as general contractor to incur over $3,000,000 in increased costs of performance and liquidated damages to the project owner. SLT tendered defense of the action to Liberty Mutual under the comprehensive general liability (CGL) policies it issued to SLT during the period in question. Liberty Mutual refused to defend, advising SLT by letter that the losses alleged in Esicorp's complaint were not covered "property damage" and in any event were excluded under the policies' "impaired property" exclusion. Defending itself, SLT then settled with Esicorp for $2,125,000. Under the settlement agreement, SLT satisfied this liability by paying Esicorp $125,000 and assigning to Esicorp SLT's rights against Liberty Mutual. Esicorp agreed to pay SLT five percent of any amounts recovered from Liberty Mutual, but not more than $115,000.

Esicorp then commenced this action against Liberty Mutual, alleging bad faith breach of its contractual duties to defend and indemnify. The district court concluded that Liberty Mutual breached its duty to defend SLT in the lawsuit brought by Esicorp. On appeal, Liberty Mutual argues it had no duty to defend because Esicorp's complaint did not seek damages for covered losses. The interpretation of an insurance policy is an issue of law we review *de novo*. See McCormack Baron Mgmt. Servs., Inc. v. American Guar. & Liab. Ins. Co., 989 S.W.2d 168, 171 (Mo. banc 1999).

A liability insurer such as Liberty Mutual has two distinct duties, the duty to indemnify the insured for covered losses, and the duty to defend the insured in any lawsuit seeking damages that would be covered losses. The duty to defend arises when the insured is first sued and thus is understandably broader than the duty to indemnify. If the complaint against the insured "alleges facts that give rise to a claim potentially within the policy's coverage, the insurer has a duty to defend." McCormack, 989 S.W.2d at 170-71. The duty to defend is normally determined by comparing the policy language with the allegations in the complaint. But the insurer may not ignore "actual facts," that is, "facts which were known, or should have been

-3-

reasonably apparent at the commencement of the suit." <u>Marshall's U.S. Auto Supply,</u> <u>Inc. v. Maryland Cas. Co.</u>, 189 S.W.2d 529, 531 (Mo. 1945). Thus, in reviewing the district court's conclusion that Liberty Mutual breached its broad duty to defend, we ignore Esicorp's reliance on facts that emerged during discovery and focus on Liberty Mutual's policy provisions and the allegations in Esicorp's complaint against SLT.[1]

Liberty Mutual's CGL policies promised to indemnify SLT for non-excluded "property damage" caused by an "occurrence." The policies defined property damage as "[p]hysical injury to tangible property, including all resulting loss of use of that property." Esicorp's complaint against SLT alleged that the first Penstock pipe sections were delivered to the project site in August 1989, that the sections were assembled and field welded as they arrived, that defective shop welds were first discovered in late December 1989, that work was suspended in May 1990, and that Esicorp incurred increased performance costs as a result of having to repair "rejectable defects." Like the district court, we conclude it was reasonably apparent to a liability insurer from these allegations that "property damage" to the pipe system, and perhaps to surrounding project property and equipment, would likely result from this type of on-site repair operation. Thus, while most of the damages alleged in Esicorp's complaint appeared to be economic losses, not covered property damage, <u>cf.</u> <u>SLA Prop. Mgmt.</u> <u>v. Angelina Cas. Co.</u>, 856 F.2d 69, 72-73 (8th Cir. 1988), Esicorp's complaint included

---

[1]Esicorp argues as the premise for its claim of bad faith that the duty to defend includes a duty to make a "reasonable investigation" when the insured tenders the defense of a newly filed lawsuit. But the duty not to ignore "actual facts" as defined by the Supreme Court of Missouri in <u>Marshall's</u> does not mean the insurer has an affirmative duty to conduct a far-reaching investigation of the facts underlying the third party's claims. Of course, as Liberty Mutual acknowledged in refusing SLT's tender of defense, if the insured later submits an amended pleading or additional facts that suggest the presence of covered claims, the insurer has an obligation to reconsider its refusal to defend. But there is no evidence that SLT made such a submission. Thus, we focus on what "should have been reasonably apparent" from Esicorp's complaint.

allegations giving rise to a claim "potentially within the policy's coverage" – unless this type of property damage was subject to a policy exclusion. The district court considered and rejected Liberty Mutual's contention that two exclusions applied, and Liberty Mutual has not appealed those rulings.[2] Accordingly, we affirm the court's ruling that Liberty Mutual breached its duty to defend SLT in the underlying lawsuit.

## II. Liberty Mutual's Contractual Liability

A. May Liability Exceed the Insurer's Duty To Indemnify? As the district court recognized, the duty to defend is a contractual obligation. A breach makes the insurer liable for damages reasonably flowing from the breach. Those damages typically include the insured's cost of defending the underlying action. See Wood v. Safeco Ins. Co., 980 S.W.2d 43, 55 (Mo. App. 1998). Here, the district court awarded damages of $61,654.68 for SLT's costs of defense, and Liberty Mutual does not appeal that portion of the damage award.

In addition, Missouri law recognizes that, by refusing to defend, the insurer gives up its contractual right to control the defense of the underlying action and frees the insured to negotiate a reasonable settlement with the plaintiff. In this situation, the general rule in Missouri is that the insured (or an assignee such as Esicorp) may recover the amount of the settlement absent collusion or bad faith. See, e.g., Western Cas. & Sur. Co. v. Southwestern Bell Tel. Co., 396 F.2d 351, 355 (8th Cir. 1968). But this case raises a more specific issue, whether an insurer that breaches its duty to defend is liable for a portion of the insured's settlement that is attributable to claims *not*

_____

[2]Briefly stated, Liberty Mutual relied upon the exclusion for "property damage to your work arising out of [your work]," and the exclusion for "impaired property" that can be restored by repair of "your work." As the district court noted, SLT's "work" was the testing of the shop welds, not the welding itself. Even if pipe sections containing defective shop welds were "impaired property," they could not be restored simply by further testing.

*covered by the policy.* Stated differently, does breach of the duty to defend expand the insurer's duty to indemnify, thereby entitling the insured to a windfall in the form of greater insurance coverage than it would have obtained had the insurer defended the underlying case?

Though Esicorp's brief on appeal cites eight federal and state court decisions for the general Missouri rule, not one discusses this issue – in each of those cases, the full amount of the judgment or settlement was a covered loss. On the other hand, Liberty Mutual relies upon a Missouri Court of Appeals decision that directly addressed the issue, Dickman Aviation Servs., Inc. v. United States Fire Ins. Co., 809 S.W.2d 149, 152 (Mo. App. 1991):

> In the case of a liability insurer's refusal to defend an action against the insured which involves both claims within the coverage of the policy and claims which are not covered by the policy, if the liability insurer fails to defend the action, and the insured unsuccessfully defends the action, then the insurer is liable for the recovery against the insured if such recovery is on a claim covered by the policy, but *no liability for the recovery will rest upon the insurer if the recovery is on a noncovered claim.*

(Citation omitted; emphasis in the original.) Moreover, on this point Dickman is consistent with a prior decision of the Missouri Supreme Court. In Butters v. City of Independence, 513 S.W.2d 418 (Mo. 1974), the insured rejected the insurer's offer to defend under a reservation of rights. Concluding that the insured was not required to accept defense under a reservation of rights, the Court held that the insurer had breached its duty to defend and turned to the question of damages:

> That leaves the question of whether or not the evidence showed that the loss was within the coverage and of whether or not the settlement between plaintiffs and the [insured] was collusive. . . . In this case, the court purported to determine the question [of coverage] without a trial and the insurer has had no opportunity to be heard on the issue of the factual

-6-

basis for the [insured's] liability [in the underlying lawsuit]. . . . [The insurer] was entitled to a trial on the coverage issue.

513 S.W.2d at 425; accord Triple U Enters., Inc. v. New Hampshire Ins. Co., 766 F.2d 1278, 1281-82 (8th Cir. 1985) (applying S.D. law).[3]

We conclude that the above-quoted portions of Butters and Dickman reflect the law of Missouri – an insurer's liability when the insured has settled the underlying action may not exceed the policy coverages; therefore, a settlement encompassing both covered and noncovered claims must be fairly apportioned between the two. Here, as in Butters, the district court made no finding as to what portion of the $2,125,000 settlement was attributable or apportionable to covered losses. The potential windfall to Esicorp and SLT of awarding the full $2,125,000 would be substantial if Liberty Mutual accurately stated at oral argument the extent of Esicorp's noncovered claims. That is an issue to be addressed in the first instance by the district court. Accordingly, we remand for determination of these coverage and apportionment issues.

B. May the Insurer's Liability Exceed the Insured's Obligation under the Settlement? Liberty Mutual argues that its contractual liability to indemnify SLT for its settlement cannot exceed SLT's $125,000 out-of-pocket payment to Esicorp. We disagree. Liberty Mutual relies on Missouri cases that involved assignments of indemnification rights. "Contracts of indemnity are not synonymous with contracts of insurance." Holiday Inns, Inc. v. Thirteen-Fifty Investment Co., 714 S.W.2d 597, 602 (Mo. App. 1986). This issue arises because Liberty Mutual abandoned its insured by

---

[3]Because Esicorp's initial brief responded to Liberty Mutual's initial brief, when counsel for Esicorp misleadingly cited Missouri cases stating the general rule as addressing the issue in this case, and failed to mention the more pertinent contrary discussion in Dickman, they came perilously close to breaching their duty of candor to this court. See MO. SUP. CT. R. 4-3.3(a)(1). Thus, even if we had discretion to award Esicorp its attorneys' fees on this appeal, we would decline to do so.

-7-

refusing to defend, leaving SLT to face both the costs of defense and the risk of substantial liability. A Missouri statute expressly authorizes an insured to settle a personal injury or wrongful death action by agreeing that the plaintiff may collect the settlement only against the insurer. See MO. REV. STAT. § 537.065. We applied that statute's "sound reasoning" beyond its express purview in O'Donnell v. St. Luke's Episcopal Presbyterian Hosps., 800 F.2d 739, 741 (8th Cir. 1986). Here, we likewise conclude that the Missouri Supreme Court would not limit Liberty Mutual's liability to the amount SLT paid out of its own pocket under the settlement. So long as the settlement was reasonable and non-collusive, Liberty Mutual is liable for covered losses within the policy limits.

### III. Esicorp's Cross-Appeal

Esicorp argues the district court erred in granting summary judgment dismissing its claim for punitive damages for Liberty Mutual's bad faith refusal to defend SLT in the underlying lawsuit. "In Missouri, a breach of the duty to defend sounds in contract, while a breach of the duty to settle sounds in tort." Quick v. National Auto Credit, 65 F.3d 741, 744 (8th Cir. 1995), cert. denied, 516 U.S. 1153 (1996); accord Bonner v. Automobile Club Inter-Ins. Exch., 899 S.W.2d 925, 928 (Mo. App. 1995). Punitive damages are not recoverable under Missouri law for breaches of contract, "even where the breach is intentional, willful, wanton or malicious." Peterson v. Continental Boiler Works, Inc., 783 S.W.2d 896, 903 (Mo. banc 1990). We conclude the Missouri Supreme Court would not recognize a new, independent cause of action sounding in tort that would permit an award of punitive damages for a liability insurer's "bad faith refusal to defend."

Esicorp next argues the district court erred in refusing to include Esicorp's attorneys' fees in this action in the damages awarded for Liberty Mutual's breach of the duty to defend. We disagree. When the insurer breaches its duty to defend, it is liable for the insured's attorneys' fees in defending the underlying action, but not for

-8-

attorneys' fees incurred in suing to recover damages for the failure to defend. <u>See Missouri Prop. & Cas. Ins. Guar. Ass'n  v. Pott Indus.</u>, 971 S.W.2d 302, 306 (Mo. banc 1998).

The judgment of the district court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.  Liberty Mutual's motion to strike the "Introduction" section of Esicorp's reply brief is granted.  Esicorp's letter submissions of May 11, 1999, and July 21, 1999, are stricken from the record on appeal for non-compliance with Fed. R. App. P. 28(j).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.