# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3645

_____

Royal Insurance Company of America;   *
American Employers Insurance Co.,   *
  *
    Plaintiffs - Appellees,   *
  *  Appeal from the United States
  v.   *  District Court for the
  *  Eastern District of Missouri
Kirksville College of Osteopathic   *
Medicine, Inc.,   *
  *
    Defendant - Appellant.   *

_____

Submitted:  May 15, 2002

Filed: September 23, 2002

_____

Before BOWMAN, LOKEN, and BYE, Circuit Judges.

_____

LOKEN, Circuit Judge.

Kirksville College of Osteopathic Medicine, Inc. ("Kirksville"), was sued by its neighbor, Lewistown Heet Gas Co. ("Lewistown"), for damages caused by a ruptured underground cistern. Kirksville's liability insurers, Royal Insurance Company of America and American Employers Insurance Company (collectively, "Royal") filed this diversity declaratory judgment action, seeking a ruling they had no duty to defend or indemnify Kirksville because of the absolute pollution exclusions in their policies. In a prior appeal, we held that the insurers breached their

duty to defend a trespass claim and remanded for consideration of damages and the duty to indemnify. Royal Ins. Co. of Am. v. Kirksville Coll. of Osteopathic Med., 191 F.3d 959 (8th Cir. 1999). On remand, the parties settled the issue of damages for breach of the duty to defend. The district court[1] then granted summary judgment in favor of Royal on the indemnity issue, and Kirksville appeals. Simply stated, the issues on appeal are whether the insurers may litigate the indemnity issue after breaching their duty to defend, and if so, whether Kirksville is collaterally estopped by a prior state court ruling that no trespass occurred. We affirm.

## I. Background.

Kirksville entered into a contract to buy adjoining property from Lewistown. Before closing, a Kirksville contractor, PSR Construction, Inc. ("PSR"), entered the property to begin converting it into a parking lot for the College. Unfortunately, the site had been a coal gasification plant. The PSR crew struck and ruptured an underground storage tank, releasing coal tar wastes. Lewistown sued Kirksville and PSR in state court, asserting damage claims for negligence and trespass.

Royal initially defended Kirksville under a reservation of rights but withdrew its defense when the district court held there was no duty to defend, a ruling we reversed in the first appeal. Meanwhile, PSR had filed a motion for partial summary judgment in the state court action, arguing no trespass occurred because PSR had implied permission to work at the site. The state court granted the motion, and Lewistown filed a motion to reconsider. Before the state court ruled on this motion, Kirksville and Lewistown separately settled their part of the dispute. A few weeks later, the parties to the state court action stipulated to a dismissal of all claims against

---

[1]The HONORABLE CAROL E. JACKSON, Chief Judge of the United States District Court for the Eastern District of Missouri.

Kirksville and PSR with prejudice. No party asked the state court to vacate its prior order dismissing the trespass claim against PSR.

In its settlement with Lewistown, Kirksville agreed to purchase the property for $30,000, to pay damages of $270,000 for the property's reduced value, and to be responsible for any necessary environmental remediation. In this lawsuit, Kirksville claims the insurers are liable for the $270,000, plus approximately $5,000,000 in remediation costs. The district court granted Royal summary judgment, agreeing with the insurers (i) that they need only indemnify that portion of the settlement attributable to the covered trespass claim, and (ii) that Kirksville was collaterally estopped to relitigate the trespass issue by the state court's summary judgment ruling. We review the district court's grant of summary judgment *de novo*. Sargent Constr. Co. v. State Auto Ins. Co., 23 F.3d 1324, 1326 (8th Cir. 1994).

## II. Discussion.

**A. Coverage.** In the prior appeal, we concluded that the pollution exclusions in the Royal policies excluded Lewistown's negligence claim against Kirksville, but not the trespass claim. Accordingly, Royal breached its duty to defend Kirksville in the state court action when Royal abandoned the defense in reliance on the district court's contrary ruling. When an insurance company refuses to defend its insured, the insurer loses its right to control the litigation and to reject what it considers an unfavorable settlement. See Whitehead v. Lakeside Hosp. Ass'n, 844 S.W.2d 475, 480-81 (Mo. App. 1992). Thus, Kirksville was entitled to settle the state court action with Lewistown after Royal abandoned the defense.

When the insured settles a claim after the insurer has breached its duty to defend, it is clear the insurer remains obligated to reimburse the insured for any settlement obligation covered by the liability policy. However, Kirksville would have us go further, arguing that Royal should be punished for its refusal to defend by being

precluded from arguing the coverage issue. This issue of Missouri law is important in this case for two reasons. First, the duty to defend is broader than the duty to indemnify because the insurer's duty to defend arises when there is merely the *potential* for coverage. McCormack Baron Mgmt. Servs., Inc. v. Am. Guar. & Liab. Ins. Co., 989 S.W.2d 168, 170-71 (Mo. 1999). Second, Kirksville's settlement with Lewistown encompassed multiple claims, only one of which -- the trespass claim -- was covered by Royal's liability policies.

We conclude this issue is governed by our recent decision in Esicorp, Inc. v. Liberty Mut. Ins. Co., 193 F.3d 966 (8th Cir. 1999). In Esicorp, as in this case, the insurer breached its duty to defend, and the insured then settled the underlying action, which included claims for covered property damage and larger claims for economic losses not covered by the insurer's liability policy. Applying Missouri law, we concluded that "an insurer's liability when the insured has settled the underlying action may not exceed the policy coverages; therefore, a settlement encompassing both covered and noncovered claims must be fairly apportioned between the two." 193 F.3d at 971, followed in Esicorp, Inc. v. Liberty Mut. Ins. Co., 266 F.3d 859, 863-64 (8th Cir. 2001). In other words, even when it has breached the duty to defend, an insurer is still "entitled to a trial on the coverage issue." Butters v. City of Independence, 513 S.W.2d 418, 425 (Mo. 1974); accord Dickman Aviation Servs., Inc. v. U.S. Fire Ins., 809 S.W.2d 149, 152 (Mo. App. 1991).

**B. Collateral Estoppel.** The district court held that collateral estoppel bars Kirksville from relitigating the issue of whether it trespassed on the Lewistown property, and therefore Royal is entitled to summary judgment because "there is no covered offense." Kirksville appeals that ruling. "The application of collateral estoppel in diversity cases is determined according to state law." Nanninga v. Three Rivers Elec. Coop., 236 F.3d 902, 906 (8th Cir. 2000).

Under Missouri law, a court considers four factors when determining whether the equitable doctrine of collateral estoppel should be invoked:

> (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

James v. Paul, 49 S.W.3d 678, 682 (Mo. 2001). Kirksville concedes the issues were identical, but argues the district court misapplied the remaining factors.

Kirksville first argues that the state court's grant of partial summary judgment dismissing the trespass claim against PSR was not a final judgment on the merits to which collateral estoppel may apply. We disagree. After the state court entered partial summary judgment in favor of PSR, Lewistown filed a motion to reconsider. Before the state court ruled on that motion, Lewistown and Kirksville entered into a settlement agreement in which they agreed "to jointly pursue their claims against PSR [and others]," to cooperate in that effort and share in any recovery, and to realign Kirksville as a party plaintiff for this purpose. Less than two months later, Lewistown, Kirksville, and PSR filed a Stipulation for Dismissal with Prejudice reciting that all claims had been settled. The state court then entered a final judgment dismissing all their claims with prejudice. No party asked the court to vacate its prior ruling that PSR did not commit a trespass.

As the district court recognized, an order granting partial summary judgment dismissing one of several claims or parties is normally not final and appealable. See, e.g., Fed. R. Civ. P. 54(b). However, "[p]reclusion seems warranted so long as the court clearly intended to terminate all proceedings as to the claims or parties involved

and no attempt to appeal was thwarted . . . ." WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE: JURISDICTION 2D § 4432, at p. 60 (2002). Here, Lewistown filed a motion asking the state court to reconsider its adverse ruling. Had this motion been denied, Lewistown could have appealed the trespass ruling at the end of the case. Instead, the parties settled, and the trespass claim was dismissed with prejudice. At that point, the partial summary judgment ruling became final. See Magee v. Blue Ridge Prof'l Bldg. Co., 821 S.W.2d 839, 842 (Mo. 1991). No attempt to appeal was thwarted because all parties, including Kirksville, stipulated to its dismissal with prejudice before the state court ruled on Lewistown's motion to reconsider.

Although the partial summary judgment order became final, had the settling parties agreed to vacate that ruling as part of the settlement, the ruling would not give rise to collateral estoppel. See Ogle v. Guardsman Ins. Co., 701 S.W.2d 469, 471 (Mo. App. 1985). But the ruling was not vacated. Lewistown's right to appeal the ruling was rendered moot by the settlement. In these circumstances, we conclude the Supreme Court of Missouri would hold that lack of appellate review does not affect either the finality of the ruling *or its preclusive effect*. As the Supreme Court of the United States said in U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 25 (1994):

> A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment. . . . Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari . . . . The judgment is not unreviewable, but simply unreviewed by his own choice.

Compare United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950) ("In this case the United States made no motion to vacate the judgment. . . . It did not avail itself of the remedy it had to preserve its rights.").

Kirksville further argues that collateral estoppel may not be applied because it was not in privity with PSR and did not have a full and fair opportunity to litigate the trespass issue in the state action. These contentions are without merit. The Supreme Court of Missouri has warned that "[d]anger inheres in a formalistic definition of the word 'privity.'" James, 49 S.W.3d at 683. Here, as the district court noted, Kirksville's potential liability for trespass was premised entirely on the acts of PSR, its contractor. But more important, when Kirksville settled separately with Lewistown, the two agreed to cooperate in pursuing their respective claims against PSR and to share in any recovery. Kirksville even agreed to realign itself as Lewistown's co-plaintiff for this purpose.

Having aligned itself with Lewistown, Kirksville became Lewistown's ally in overturning the state court's grant of partial summary judgment dismissing the trespass claim. A few weeks later, having every opportunity to continue litigating the trespass issue, Kirksville joined Lewistown and PSR in dismissing all claims with prejudice, without vacating the state court's partial summary judgment ruling. In these circumstances, we agree with the district court that Kirksville is collaterally estopped by the state court ruling to relitigate the trespass issue.

The judgment of the district court is affirmed.

BYE, Circuit Judge, concurring in part and dissenting in part.

I agree Royal breached its duty to defend Kirksville. Royal abandoned the defense soon after the district court held it had no duty to defend, even though Kirksville had appealed the erroneous ruling. If an insured appeals a trial court's adverse ruling on a duty-to-defend claim, the insurer should continue to defend under a reservation of rights pending final resolution in the appellate court. See, e.g., Detroit Edison Co. v. Mich. Mut. Ins. Co., 301 N.W.2d 832, 836 (Mich. Ct. App.

1981) ("When an insurer relies on a lower court ruling that it has no duty to defend, it takes the risk that the ruling will be reversed on appeal"). Because Royal abandoned Kirksville prematurely, Kirksville was free to make the best settlement it could, and Missouri law precludes Royal from arguing there was no coverage for the trespass claim alleged against Kirksville in the underlying state court action. See Whitehead v. Lakeside Hosp. Ass'n, 844 S.W.2d 475, 480 (Mo. Ct. App. 1992); Bituminous Cas. Corp. v. Walsh & Wells, Inc., 170 S.W.2d 117, 122 (Mo. Ct. App. 1943).

I also agree Missouri law allows Royal, notwithstanding its abandonment of the defense, to have Kirksville's settlement apportioned between the covered trespass claim and any noncovered claims. See Esicorp, Inc. v. Liberty Mut. Ins. Co., 193 F.3d 966, 971 (8th Cir. 1999) (interpreting Missouri law). On appeal, Kirksville initially argued Royal's duty to indemnify should encompass the entire settlement amount, but conceded in its reply brief that Royal need only indemnify it for the portion of the settlement attributable to the trespass claim.

I do not agree the collateral estoppel doctrine bars Kirksville from claiming indemnity for the portion of the settlement attributable to the trespass claim, because at the time Kirksville settled there was no final judgment on the merits in the state court proceeding. The grant of partial summary judgment on the trespass claim occurred on July 28, 1998. On July 31, Kirksville's adversary in the state court action, Lewistown, moved the state court to reconsider the decision. On August 4, Kirksville and Lewistown settled the state court action. At that point in time the trespass claim was on its last legs, perhaps, but nevertheless still alive and in controversy. See Enchanted Hills, Inc. v. Medlin, 892 S.W.2d 722, 723 (Mo. Ct. App. 1994) ("It is well settled that a partial grant of summary judgment, with additional issues remaining before the trial court, is interlocutory and has no [preclusive] effect."). Therefore, when Kirksville and Lewistown sat down at the

settlement table on August 4, the trespass claim was undoubtedly a part of the discussion.

The district court and the majority both concluded Kirksville was collaterally estopped from claiming indemnity against Royal because of the final judgment entered in the state court pursuant to the stipulation for dismissal between Lewistown and Kirksville. But the final judgment was not entered until September 28, 1998, well after Kirksville had been prejudiced by Royal's abandonment and forced to settle the case on its own. Thus, when considering whether Royal has a duty to indemnify Kirksville for the portion of the settlement attributable to the trespass claim, our focus should be on the status of the trespass claim at the time of settlement, not some later point in time.

I would reverse and remand. Kirksville should not be collaterally estopped from asserting its right to indemnity, and is entitled to have a portion of the settlement attributed to the trespass claim.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.