# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 05-6055EM

_____

In re:                                          *
                                                *
Jeffrey A. D'Amato and                          *
Debra D. D'Amato,                               *
                                                *
             Debtors.                           *
                                                *
                                                *
Jeff and Estella Jamrose, et al,                *
                                                *    Appeal from the United States
             Plaintiffs - Appellees,            *    Bankruptcy Court for the Eastern
                                                *    District of Missouri
                     v.                         *
                                                *
Jeffrey A. D'Amato and                          *
Debra D. D'Amato,                               *
                                                *
             Debtors - Appellants.              *

_____

Submitted: March 2, 2006
Filed: April 4, 2006

_____

Before KRESSEL, Chief Judge, FEDERMAN and VENTERS, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

This is an appeal of the bankruptcy court's order granting summary judgment in favor of the Plaintiffs on their complaint that unliquidated debts allegedly owed to

them by the Debtors should be excepted from discharge under 11 U.S.C. § 523(a)(6). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b). For the reasons set forth below, we reverse the court's order and remand the case for further proceedings.

## I. STANDARD OF REVIEW

We review findings of fact for clear error and conclusions of law *de novo*.[1] The bankruptcy court's decision relies on the application of collateral estoppel to a prior judgment against the Debtors in another court. The application of collateral estoppel is a legal question, which we review *de novo*.[2]

## II. BACKGROUND

The factual background to this appeal is limited by the paucity of factual findings in the judgment on appeal. The court based its findings on the facts set forth in a memorandum and order entered by the United States District Court for the Eastern District of Missouri granting the plaintiffs in that case – the Council of Better Business Bureaus, Inc. and the Better Business Bureau of St. Louis, Inc. (collectively, "BBB") – partial summary judgment ("District Court Judgment") against the Debtors (and other defendants) for copyright infringement and counterfeiting under the Lanham Act.

According to the bankruptcy court's findings, Jeffrey A. and Debra D. D'Amato ("Debtors") managed sales for New Horizons, a company that marketed and sold travel club memberships to consumers in several states, and that they knowingly used fraudulent BBB reports to sell these "bogus" memberships.[3] The approximately 400

---

[1] *Kelly v. Jeter* (*In re Jeter*), 257 B.R. 907, 909 (B.A.P. 8th Cir. 2001).

[2] *Morse v. C.I.R.*, 419 F.3d 829, 832 (8th Cir. 2005).

[3] Unfortunately, the court did not elaborate on what it meant by "bogus."

2

Plaintiffs presumably purchased memberships from New Horizons as a result of the Debtors' use of the fraudulent BBB reports. Despite the centrality to this case of the Debtors' alleged willful and malicious injury to these Plaintiffs, the record on appeal is devoid of any findings regarding the Plaintiffs' identities and injuries.

## III. DISCUSSION

The Plaintiffs moved for summary judgment on their complaint that the debts allegedly owed to them by the debtors are nondischargeable under § 523(a)(6). The Plaintiffs argued, and the bankruptcy court agreed, that the Debtors were collaterally estopped from re-litigating the District Court's findings and that those findings were sufficient to maintain a claim under § 523(a)(6). We disagree.

As a preliminary matter, we are concerned that the District Court Judgment may not be entitled to collateral estoppel effect. The Debtors share this concern, although not for the same reason.

The District Court Judgment was rendered by a federal court on a federal question. Accordingly, the preclusive effect of that judgment is governed by federal law.[4] Under federal law, collateral estoppel applies when: (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action.[5]

The Debtors argue that the fourth requirement has not been met because they did not have a full and fair opportunity to defend the suit. Our concern, however, is

---

[4] *Canady v. Allstate Insurance Co.*, 282 F.3d 1005, 1014 (8th Cir. 2002).

[5] *Id.* at 1015.

more over whether the judgment to which the court gave collateral estoppel effect – a partial summary judgment – is sufficiently final to be considered a final adjudication on the merits (the second prong). Under Missouri law, the answer is relatively straightforward. A partial summary judgment is not final for collateral estoppel purposes unless the judgment was intended to "terminate all proceedings as to the claims or parties involved and no attempt to appeal was thwarted."[6] The issue is not as easily resolved under federal law. Some courts have adopted a *per se* rule that partial summary judgments are not final,[7] whereas other courts have taken a more liberal approach, giving collateral estoppel effect to "any judicial decision upon a question of fact or law which is not provisional and subject to future change by the same tribunal."[8] Although the Eighth Circuit Court of Appeals has not specifically ruled that a partial summary judgment is final for collateral estoppel purposes, it appears to favor the latter, more liberal approach, requiring only that a judgment be "sufficiently firm to be accorded preclusive effect."[9]

---

[6] *See Royal Insurance Co. of America v. Kirksville College of Osteopathic Medicine, Inc.*, 304 F.3d 804, 808 (8th Cir. 2002) (quoting 18A Wright, Miller & Cooper, *Federal Practice & Procedure*: *Jurisdiction* 2D § 4432, at p. 60 (2002)). *See also, Magee v. Blue Ridge Professional Bldg. Co.*, 821 S.W.2d 839, 842 (Mo. 1991).

[7] *See Avondale Shipyard, Inc. v. Insured Lloyds*, 786 F.2d 1265, 1272 (5th Cir. 1986). *See also*, Fed. R. Civ. P. 54(b) (stating that partial summary judgments which do not contain an "express determination that there is no just reason for delay and . . . an express direction for the entry of judgment" are "*subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*") (emphasis added).

[8] *In re DEF Invs., Inc.*, 186 B.R. 671 (Bankr. D. Minn. 1995) (citing *Zdanok v. Glidden Co.*, 327 F.2d 944, 955 (2nd Cir. 1964)). *See also*, *United States v. Horne*, 2006 WL 290591, *4 (W.D. Mo. 2006).

[9] *In re Nangle*, 274 F.3d 481, 485 (8th Cir. 2001) (quoting *Restatement (Second) of Judgments* § 13)).

In the end, we do not need to rule on the finality of the District Court Judgment or whether the Debtors had a full and fair opportunity to defend the underlying lawsuit because we reverse the court's order on other grounds. However, to the extent the bankruptcy court seeks to rely on the District Court Judgment in further proceedings, it should consider the finality of that judgment.[10]

Proceeding under the assumption that the Defendants are precluded from re-litigating the findings in the District Court Judgment, we nevertheless determine that those findings do not support a judgment under § 523(a)(6).

In order to except a debt from discharge under 11 U.S.C. § 523(a)(6), a plaintiff must establish, by a preponderance of the evidence,[11] that the debt arises from an injury that is both willful and malicious. In this context, the term "willful" means that the injury, not merely the act leading to the injury, must be deliberate or intentional;[12] and a "malicious" injury is one that is targeted at the creditor, in the sense that the conduct is certain or almost certain to cause financial harm.[13]

Relying on the District Court Judgment, the bankruptcy court determined that the Debtors willfully and maliciously injured the Plaintiffs, stating, in pertinent part:

---

[10] At oral argument, counsel for the parties were unable to tell us whether a final judgment had been entered in the District Court lawsuit.

[11] *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991).

[12] *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62, 118 S.Ct. 974, 977 (1998).

[13] *In re Madsen*, 195 F.3d 988, 989 (8th Cir. 1999); *In re Scarborough,* 171 F.3d 638, 641 (8th Cir. 1999); *Waugh v. Eldridge* (*In re Waugh*), 95 F.3d 706, 711 (8th Cir. 1996); *Barclays Amer./Bus. Credit, Inc. v. Long* (*In re Long*), 774 F.2d 875, 881 (8th Cir. 1985).

Here, Debtors engaged in an ongoing pattern of intentionally using fraudulent BBB reports to sell bogus memberships as a normal business practice. Debtors were aware that neither a license nor permission was given by the BBB authorizing Debtors to use said BBB reports. Debtors were also aware that their actions would reasonably lead an unsuspecting consumer to the erroneous conclusion that Debtors were affiliated with the BBB and that New Horizons' products were legitimate. Debtors targeted products under the New Horizon's trade name to Plaintiffs with the net result being that Plaintiffs were harmed by their loss of property due to Debtors' conduct. Consequently, this Court finds that Debtors willfully and maliciously engaged in acts sufficient to cause injury to Plaintiffs within the meaning of Section 523(a)(6) as a matter of law.[14]

The findings and conclusions set out here are erroneous in two respects.

First, the court overstates the findings of the District Court Judgment. The District Court Judgment deals solely with the Debtors' and other defendants' use of fraudulent BBB reports. The Plaintiffs in this case were not parties to that litigation, and the District Court made absolutely no findings about whether these Plaintiffs were injured by the Debtors' conduct. Although the conduct described by the District Court – intentionally using fraudulent BBB reports to sell bogus memberships – might satisfy the "willful" prong of § 523(a)(6), there was nothing in the District Court Judgment to support a finding that the Debtors targeted their conduct at these Plaintiffs or that they were certain that these Plaintiffs would be injured.[15] The court's error on this point is manifest in its statement that the "Debtors were . . . aware that their actions would reasonably lead an unsuspecting consumer to the erroneous conclusion that Debtors were affiliated with the BBB and that New Horizons' products were legitimate." Even if the District Court Judgment supported such a

---

[14] Bankruptcy Court's Findings of Fact and Conclusions of Law, at p. 7.

[15] By so holding, we make no determination regarding the possibility that an intentional injury targeted at a class of creditors with the certainty that those creditors would be injured could give rise to an nondischargeable debt.

statement, neither the mental state of the Debtors nor the injury to these Plaintiffs described by the court rises to the level of certainty or harm that is required for a finding of maliciousness under §523(a)(6).

The second, and perhaps more fundamental, error is that there is no evidence in the record on appeal of the existence or cause of the Plaintiffs' injuries. In oral arguments, the Plaintiffs essentially admitted as much, commenting that proving each Plaintiff's injuries would have been a "huge waste of time."[16] We do not doubt that proving the existence and causal link between the Debtors' conduct and each of the Plaintiffs' injuries would be time consuming and perhaps difficult, but such proof is necessary to prevail under § 523(a)(6).[17] The absence of that proof requires reversal of the court's order.

---

[16] The Plaintiffs also acknowledged this deficiency in their briefs, explaining that the parties proceeded under a shared "assumption" that the Plaintiffs' damages were "undisputed." But that shared assumption, to the extent one existed, is insufficient to withstand review on appeal in the absence of a written stipulation or other supporting evidence in the record. Morever, there has been no suggestion that this assumption included an agreement on causation.

[17] Although implicit, causation is a necessary element in every § 523(a)(6) action. *See In re Apte*, 180 B.R. 223, 230-31 (B.A.P. 9th Cir. 1995). We also note, tangentially, that causation under § 523(a)(6) for injuries arising from fraudulent misrepresentation may implicate the requirements of § 523(a)(2)(A). *See, e.g.*, *In re Bogdanovich*, 301 B.R. 129, 143-46 (Bankr. S.D. N.Y. 2003); *McCrary v. Barrack* (*In re Barrack*), 201 B.R. 985, 988-93 (Bankr. S.D. Cal. 1996) rev'd on other grounds, 217 B.R. 598 (B.A.P. 9th Cir. 1998). *See also*, *Starkey v. Kreuger* (*In re Kreuger*), 2000 WL 33792711 (Bankr. D. N.D. 2000) ("[N]ondischargeability claims based on fraud should be governed by section 523(a)(6) only if the debtor obtained something other than money, property, services, or credit."); *In re Alicea*, 230 B.R. 492, 507-8 (Bankr. S.D. N.Y. 1999) (holding that fraud claims based on an oral representation of financial condition cannot be brought under § 523(a)(6)).

## IV.  CONCLUSION

For the reasons stated above, we reverse the bankruptcy court's determination that the Plaintiffs are entitled to summary judgment on their complaint to determine the dischargeability of debt under 11 U.S.C. § 523(a)(6) and remand for proceedings consistent with this opinion.

-------------------------------